# United States Court of Appeals
## For the First Circuit

---

No. 00-2194

UNITED STATES OF AMERICA,

Appellee,

v.

DAVID J. BRUNETTE,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Jeffrey W. Langholtz, by Appointment of the Court, on brief for appellant.
Margaret D. McGaughey, Assistant United States Attorney, and Jay P. McCloskey, United States Attorney, on brief for appellee.

---

July 12, 2001

---

**COFFIN, Senior Circuit Judge.** Defendant conditionally pleaded guilty to various counts of possessing and transporting child pornography, reserving his right to challenge the validity of a search warrant used to seize evidence from his home. He claims that the warrant application failed to establish probable cause to search because it did not include copies or descriptions of the allegedly pornographic images to justify the search. The district court refused to suppress the evidence seized pursuant to the warrant, relying on the affidavit of a U.S. Customs agent who had viewed the images and averred that "all" appeared to be within the statutory definition of child pornography, specifically, "photographs of a pre-pubescent boy lasciviously displaying his genitals." United States v. Brunette, 76 F. Supp. 2d 30, 37 (D. Me. 1999). Because neither the magistrate judge nor the district court judge independently viewed the images -- which were not made part of the record on appeal -- and because the affidavit did not adequately describe them, we conclude that the warrant was not supported by probable cause. We nevertheless affirm under the Leon good faith exception.

### BACKGROUND

On the first of January 1999, 79 allegedly pornographic images of prepubescent boys were posted on the Internet to the

site <alt.fan.prettyboy>. A consumer watchdog group alerted the Internet service provider, Concentric Network Corporation (CNC), to the posting. An investigator from CNC traced the source of the posting to the defendant's account, which was opened with CNC a few months earlier. CNC, in turn, copied 33 of the images onto a disk, which it forwarded to the U.S. Customs Service.

Agent Richard Jereski, who had some 18 months of experience investigating child pornography crimes, viewed those 33 images and concluded that they were pornographic. Jereski applied for a warrant to search defendant's home, but he did not append any of the allegedly pornographic images to the warrant application. Nor did his affidavit contain a description of them; instead, he merely asserted that they met the statutory definition of child pornography. After the magistrate judge determined that there was probable cause, the warrant was issued, the defendant's home was searched, and his computers were seized. Other allegedly pornographic images of children were found on those computers.

Defendant was charged with transportation and possession of child pornography. See 18 U.S.C. § 2255A(a)(1) & (a)(5)(B). He moved to suppress the images contained on the computers seized under the warrant, arguing that the warrant was facially invalid because the affiant's "nondescript legal

conclusion" was insufficient to support probable cause. He also argued that the good faith exception to the Fourth Amendment exclusionary rule, see United States v. Leon, 468 U.S. 897 (1984), did not apply because the affidavit falsely asserted that "all" of the images were pornographic. At the suppression hearing, Agent Jereski conceded that some of the images might not have pictured a lascivious display of boys' genitals, and thus, not "all" met the statutory definition of child pornography.

Without viewing the images, the district court ruled that, although a factual description of the images would have been desirable, see Brunette, 76 F. Supp. 2d at 40 n.4, the agent's training and experience qualified him to make the legal determination that there was probable cause to believe the images were pornographic, id. at 39 ("[B]ecause the facts indicate that Jereski was familiar with child pornography investigations, it is reasonable to draw the logical inference that Jereski was also familiar with the identification of pornographic materials."). The court also found that the use of "all" in Agent Jereski's affidavit was a material misstatement of fact, but that this overstatement was the result of "inadvertence and inattention to detail," not a deliberate

-5-

attempt to mislead the magistrate judge. Id. at 41. Accordingly, the court denied the motion to suppress.

On appeal, defendant presses the same two points: first, that the affidavit was insufficient to show probable cause for the search; and second, that the false assertion in the affidavit makes the good faith exception to the Fourth Amendment exclusionary rule inapplicable. The government counters that probable cause supported the warrant despite the lack of pictures or descriptions, and that even if it did not, the omissions or inaccuracies did not destroy the officers' good faith reliance on the defective warrant.

## STANDARD OF REVIEW

We review probable cause determinations de novo. United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1999) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). Our task, like that of the magistrate judge and district court, "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). This assessment is no different where First Amendment concerns may be at issue. See New York v. P.J. Video, Inc., 475 U.S. 868, 875 (1986) ("[A]n application for a

-6-

warrant authorizing the seizure of materials presumptively protected by the First Amendment should be evaluated under the same standard of probable cause used to review warrant applications generally.").[1]

We are also obligated, where possible,[2] to review de novo the legal determination that a given image depicts a "lascivious exhibition of the genitals." Amirault, 173 F.3d at 32-33 ("[W]e must review the district court's determination de novo to ensure that the First Amendment has not been improperly infringed."); see also United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999) (applying de novo review); United States v. Knox, 32 F.3d 733, 744 (3d Cir. 1994) (same); but see United States v. Boudreau, 250 F.3d 282-83 (5th Cir. 2001) (applying clear error review).

Our review of Leon determinations is de novo as well. See United States v. Shea, 211 F.3d 658, 666 (1st Cir. 2000). The government bears the burden of showing that its officers

---

[1]    Although child pornography falls "outside the protection of the First Amendment," New York v. Ferber, 458 U.S. 747, 763 (1982), the determination of whether an image depicts child pornography is "a quintessential First Amendment ruling" because such decisions "define the limits of the largely unprotected category of child pornography," United States v. Amirault, 173 F.3d 28, 33 (1st Cir. 1999).

[2]    In this case, we cannot undertake our own review of the images because none were included in the record on appeal.

acted with objective good faith.  Vigeant, 176 F.3d at 572.  To make this assessment, we evaluate all of the attendant circumstances at the time of the warrant application and its execution.  United States v. Ricciardelli, 998 F.2d 8, 15-16 (1st Cir. 1993).

DISCUSSION

We first discuss why the government's showing of probable cause was inadequate, and then explain why suppression was nevertheless unwarranted.

A.        Probable Cause

Our assessment of probable cause focuses on Jereski's affidavit, which was the only evidence presented to the magistrate judge in support of the search warrant.  Although the affidavit included sufficient indicia to link the images to defendant, i.e., that the postings originated from defendant's CNC Internet access account, it did not specify with any detail the basis for believing that those images were pornographic. The evidence on the nature of the images consisted solely of Jereski's legal conclusion parroting the statutory definition. See Brunette, 76 F. Supp. 2d at 37 ("[I]t appears that Jereski's assertion in his warrant affidavit that the images depicted 'a prepubescent boy lasciviously displaying his genitals,' was an attempt on his part to mirror the language of 18 U.S.C. §

-8-

2256(2)(E) . . . . .").[3]  This bare legal assertion, absent any descriptive support and without an independent review of the images, was insufficient to sustain the magistrate judge's determination of probable cause.

In Amirault, we set forth the legal standards for evaluating whether a photograph depicts a lascivious exhibition of genitals and identified six factors to guide the inquiry. 173 F.3d at 31-32 (adopting factors first articulated in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom., United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir. 1987)).[4]  Although in Amirault we applied those factors in the context of reviewing a sentencing enhancement, the analysis here is the same: does a given image fall within the statutory

---

[3]  The statutes that criminalize the possession and transportation of child pornography each reference the definitions of § 2256.  That provision defines "child pornography" as a visual image depicting "sexually explicit conduct," which in turn is defined to include "lascivious exhibition of the genitals or pubic area of any person."  18 U.S.C. §§ 2256(8), 2256(2)(E).

[4]  Those six so-called Dost factors are: "(1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive (i.e., a location generally associated with sexual activity); (3) whether the child is depicted in an unnatural pose or inappropriate attire considering her age; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or willingness to engage in sexual activity; and (6) whether the image is intended or designed to elicit a sexual response in the viewer."  Amirault, 173 F.3d at 31.

-9-

definition of child pornography?  Only if there is probable cause to believe so may a search warrant issue.  A judge cannot ordinarily make this determination without either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them.  Cf. P.J. Video, 475 U.S. at 874 n.5.  Indeed, our de novo standard of review anticipates that judicial officers at each stage of the process will consider whether the images at issue are pornographic within the meaning of the statute.

The district court excused the absence of descriptive evidence by relying on Agent Jereski's representation that the images were pornographic, finding that his training and experience qualified him to determine they met the statutory definition.  But probable cause to issue a warrant must be assessed by a judicial officer, not an investigating agent.  See Gates, 462 U.S. at 239 ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."); see also Vigeant, 176 F.3d at 571 ("[U]nsupported conclusions [of an officer] are not entitled to any weight in the probable cause determination.").  This judicial determination is particularly important in child

pornography cases, where the existence of criminal conduct often depends solely on the nature of the pictures.

As the district court recognized, "the identification of images that are lascivious will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer."  Brunette, 76 F. Supp. 2d at 39.  That inherent subjectivity is precisely why the determination should be made by a judge, not an agent.  The Fourth Amendment requires no less.  See Gates, 462 U.S. at 239 ("An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and [a] wholly conclusory statement . . . fail[s] to meet this requirement.").  Moreover, Jereski had less than two years' experience investigating child pornography crimes, and in that brief tenure he had testified only twice before in support of warrant applications, one of which included copies of the images at issue.

The district court sought support for its reliance on Jereski's affidavit from United States v. Smith, 795 F.2d 841, 847-48 (9th Cir. 1986).  There, the court was "troubled by the fact that the government did not present and the magistrate did not see the photos in question before the warrant issued," which would have been the "ideal course."  Id. at 847.  Despite its misgivings, the Ninth Circuit endorsed reliance on the affidavit

-11-

of an experienced postal inspector to support the issuance of a search warrant.  In Smith, however, the agent's bald assertion that the images met the statutory definition was bolstered by a much stronger investigation prior to applying for the warrant, including interviews with the suspect, some of the victims, and a pediatrician who confirmed that the girls pictured were under eighteen.  Id. at 844, 849.  These other indicia of probable cause, wholly absent here, make Smith readily distinguishable.

In sum, there having been no basis for issuing the warrant other than conclusory statutory language, the magistrate judge should have viewed the images and the district court should not have excused his failure to do so.  It was error to issue the warrant absent an independent review of the images, or at least some assessment based on a reasonably specific description.  Ordinarily, a magistrate judge must view an image in order to determine whether it depicts the lascivious exhibition of a child's genitals.

B.      Good Faith

The usual remedy for seizures made without probable cause is to exclude the evidence wrongfully seized in order to deter future violations of the Fourth Amendment.  See Weeks v. United States, 232 U.S. 383, 391-93 (1914).  This exclusionary rule does not obtain, however, where an objectively reasonable

-12-

law enforcement officer relied in good faith on a defective warrant because suppression in that instance would serve no deterrent purpose. <u>Leon</u>, 468 U.S. at 920-21. Although the government faces a "high hurdle" to show objective good faith where critical information known to the officer is omitted from the warrant application, <u>Ricciardelli</u>, 998 F.2d at 16-17, we conclude that its burden has been met here.

Relying on the district court's reasoning, the government argues that the good faith exception applies because Agent Jereski did not intend to deceive the magistrate judge. <u>See</u> <u>Brunette</u>, 76 F. Supp. 2d at 41 ("[T]here is no evidence . . . that Jereski[,] at the time he submitted his warrant affidavit to the magistrate judge for review, subjectively considered the possibility that the magistrate judge would be misled . . . ."). Although we focus our inquiry on the objective reasonableness of Jereski's action instead of his subjective motivation, we reach the same result.

Among the situations identified by the <u>Leon</u> Court in which the deterrent effect of suppression supersedes the good faith exception, two are relevant here: where the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and where a magistrate judge is "misled by information in an affidavit that

-13-

the affiant knew was false or would have known was false except for his reckless disregard for the truth." Id. at 923. We address each of these in turn.

As for the first, although we hold that the omission of images or a description of them was a serious defect in the warrant application, the uncertain state of the law at the time made reliance on the warrant objectively reasonable. In United States v. Jasorka, 153 F.3d 58, 60-61 (2d Cir. 1998), published just five months prior to the warrant application in this case, the Second Circuit refused to suppress evidence seized pursuant to a search warrant that contained neither photographs nor a description. The court concluded that the agent's reliance on the warrant was objectively reasonable because the law at the time was "unclear whether a judicial officer acting on a warrant application . . . [,] based on lascivious exhibition of the genitals, may rely on an agent's assertion." Id. at 61. Jasorka relied on the Ninth Circuit's Smith decision, which upheld a search warrant without an independent review by a magistrate judge. Id. at 60 (citing Smith, 795 F.2d at 848-49). Although we find Smith inapposite for the reasons stated above, an objectively reasonable agent could not be faulted for failing to recognize the nuanced distinction. Moreover, we note that even Smith did not announce a firm legal rule, but rather a

-14-

preferred ("ideal") procedure.  Because the state of the law remained unclear at the time of the January 1999 warrant application, we follow Jasorka.  Having now resolved this point, we would, in the future, view quite differently an agent's choice to withhold photos from a judicial officer.

As for the second exclusion from the good faith exception, appellant argues that the evidence should have been suppressed because the magistrate judge was misled by false information contained in the affidavit, i.e., that "all" of the images were pornographic.  When pressed at the hearing, Jereski conceded that at least two of the images, those in which the subject was partially clothed, were not pornographic.  Despite this belated concession, however, we agree with the district court: the use of "all" was misleading, but this inaccuracy resulted from nothing more than "inadvertence and inattention to detail."  Brunette, 76 F. Supp. 2d at 41.  Nothing in the record suggests that Jereski's misuse of the word "all" instead of "all but two" factored into the magistrate judge's decision to issue the warrant.

                              CONCLUSION

A court reviewing a warrant application to search for pornographic materials ordinarily is unable to perform the evaluation required by the Fourth Amendment if the application

-15-

is based on allegedly pornographic images neither appended to, nor described in, the supporting affidavit. Ideally, copies of such images will be included in all search warrant applications seeking evidence of child pornography crimes. If copies cannot feasibly be obtained, a detailed description, including the focal point and setting of the image, and pose and attire of the subject, will generally suffice to allow a magistrate judge to make a considered judgment. Because an objectively reasonable agent would not necessarily have known this in January 1999, the good faith exception applies, the evidence seized was admissible, and the conviction is therefore <u>AFFIRMED</u>.