[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-2384

UNITED STATES,

Appellee,

v.

ROBERT CROSBY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Campbell, Bownes and Cyr,
Senior Circuit Judges.

J. Hilary Billings and Billings & Silverstein on brief for appellant.

Jay P. McCloskey, United States Attorney, and F. Mark Terison, Senior Litigation Counsel, on Motion for Summary Disposition for appellee.

DECEMBER 6, 2001

**Per Curiam.** The appellant-defendant, Robert Crosby ("Crosby"), conditionally pleaded guilty to a charge of possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B), reserving his right to challenge the validity of a search warrant used to seize evidence from his home. Crosby claims that the warrant application failed to establish probable cause to search because the magistrate declined to examine the three images made available by the affiant and the description of the images was "woefully inadequate." Crosby also denies that the good faith exception to the Fourth Amendment's exclusionary rule applies.

Probable cause determinations are reviewed *de novo*. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Brunette, 256 F.3d 14, 16 (1st Cir. 2001). The appellate court's task, like that of the lower court, "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Grant, 218 F.3d 72, 75 (1st Cir. 2000). The legal determination that a particular image is child pornography is also reviewed de novo. United States v. Amirault, 173 F.3d 28,

32-33 (1st Cir. 1999).  Our review of the  Leon determination is de novo as well.  United States v. Shea, 211 F.3d 658, 666 (1st Cir. 2000).

The assessment of probable cause focuses on the affidavit. In the affidavit, the law enforcement officer averred that there was probable cause to believe that there had been a violation of the statutes that criminalize the possession and transportation of child pornography.  To support this allegation, the affidavit included verbatim recitations of at least 10 e-mail postings and fairly detailed descriptions of approximately 20 images.  Three photographs were made available to the magistrate judge.  One image was described as "a male who appeared to be prepubescent posed on a lawn on his stomach and faced away.  His legs are bent up and held by his hands.  His perineum and anal area are depicted."  In addition to the factual description of the images, the affiant quoted an e-mail message in which Crosby referenced the existence of more explicit pictures than the images described in the affidavit.  Based on the affidavit alone, the magistrate judge determined that there was probable cause to issue a warrant.  The district court, after reviewing the affidavit and examining the images, affirmed that probable cause existed and, alternatively, determined that the Leon good faith exception applied.  We affirm.

3

Regardless whether the affidavit contains sufficiently detailed descriptions of the images alleged to be child pornography, as well as other supporting data, to find probable cause, the Leon exception to the exclusionary rule clearly applies. United States v. Leon, 468 U.S. 897, 922 (1984). In Leon the Supreme Court held that, with limited exception, the exclusionary rule should not apply when police officers reasonably rely in good faith on a warrant that subsequently is determined to be invalid. Id. at 923; United States v. Manning, 79 F.3d 212, 221 (1st Cir. 1999). We find that the affidavit here had ample indicia of probable cause "to render official belief in its existence" reasonable. Leon, 468 U.S. at 923.

As already noted, to support her contention that Crosby had violated statutes criminalizing the possession of child pornography, the agent quoted ten e-mail postings, described in detail approximately twenty images, and made three photographs available to the magistrate. This was more than adequate to allow the magistrate judge to make a considered judgment. An objectively reasonable agent could have relied in good faith on the warrant. Crosby's arguments to the contrary are without merit.

The district court's denial of Crosby's motion to suppress is affirmed. Loc. R. 27(c).

4