United States v. Getzel                    CR-01-102-JD  04/19/02
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

        v.                              Criminal No. 01-102-JD
                                        Opinion No. 2002 DNH 083
<u>Paul Getzel</u>


                            O R D E R


     A grand jury returned an indictment against Paul Getzel,

charging him with possession and transportation of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and §

2252(a)(1).  He brings a renewed motion to suppress evidence

obtained as a result of a search of his home executed pursuant to

a warrant issued by this court on October 19, 2001.  Getzel

argues that the search was unlawful because the affidavit that

formed the basis for the warrant was insufficient, and therefore

the warrant was issued without probable cause, in violation of

the Fourth Amendment of the Constitution.


                        <u>Background</u>[1]

     In August of 2001, the German National Police

("Bundeskriminalamt," hereinafter "BKA") notified the United

_____

     [1] For additional facts, see this court's order of January
24, 2002, denying Getzel's motion to suppress based on another
ground.

States Customs Service that the user of a certain America On Line ("AOL") screen name had posted news group messages that contained images of child pornography. Pursuant to the information provided by the BKA, the Customs Service investigated the screen name and subsequently learned that the account subscriber was Paul Getzel. The BKA provided the Customs Service with a CD-Rom containing over forty-five images that were posted to the news group from Getzel's account.

Subsequent investigation revealed that Paul Getzel was employed by the Cardigan Mountain School, a day and boarding school for boys in grades six through nine located in Canaan, New Hampshire. The headmaster of the Cardigan Mountain School informed U.S. Customs Special Agent James Lundt that Getzel lived on the campus of the school.

On October 19, 2001, Agent Lundt swore out an affidavit in support of an application for a warrant to search Getzel's residence. In his affidavit he sets out facts to establish probable cause that Getzel's residence contained evidence of the crimes of possession and transport of child pornography in violation of §§ 2252 or 2252A. In the affidavit, Agent Lundt states that he has viewed the CD-Rom provided by the BKA, and affirms that it shows images of minor children engaged in sexually explicit conduct in violation of § 2252. Agent Lundt

describes the following images: (1) "file named Subject pi51(1).jpg. This jpg image depicts a naked prepubescent child male child [sic], kneeling in profile to the camera with an erect penis."; and (2) "file named Jared39.jpg. This image depicts a naked minor male reclined on a bed with his legs spread and fondling his penis." (Lundt Aff. at ¶17.) Agent Lundt states that four other images found on the CD-Rom depict the same minor male in Jared39.jpg interacting with a naked adult male. In his affidavit Agent Lundt describes these four images as follows:

a. Jared 06.jpg depicts the adult male performing oral sex on the same minor child as depicted in Jared39.jpg.

b. Jared07.jpg depicts the same minor child depicted in Jared39.jpg with his face on the genitals of the adult male.

c. Jared25.jpg depicts the same minor child depicted in Jared39.jpg performing oral sex on the adult male.

d. Jared38.jpg depicts the same minor child depicted in Jared39.jpg in genital to genital contact with the nude male adult.

(Lundt Aff. at ¶18.) Agent Lundt did not attach the above described images to his affidavit.

However, Agent Lundt did attach an image of Getzel from his New Hampshire driver's license, together with image 17.JPG [sic], which Agent Lundt affirms depicts the same minor male and adult depicted in the CD-Rom images described above.[2] The image 17.JPG

_____

[2]In his affidavit Agent Lundt does not state where or how he acquired 17.JPG. He does not expressly state that 17.JPG was found on the CD-Rom.

3

depicts a naked pre-pubescent male lying down next to a naked adult male on what appears to be a bed against a wall. Both are on their backs. The genitalia of both the boy and the adult are fully visible. The adult's head and left shoulder appear to be propped against the wall. The adult has his right arm around the boy's shoulders, and the boy's head appears cradled in the right arm of the adult. The adult's head and the boy's head are leaning in towards each other and are touching. The adult's body is angled towards the boy, and his right leg is bent somewhat, covering a portion of the boy's left leg.

Agent Lundt states that he compared the image from Getzel's driver's license to 17.JPG, and found that the adult male in 17.JPG shares substantially similar facial features as those seen in Getzel's license photo, although the adult male in 17.JPG appears not to be as bald as the male in Getzel's driver's license picture. Agent Lundt also affirms that the adult male seen in 17.JPG fits the physical description of Getzel indicated on his driver's license, including height, weight, and hair color.

Based on the information presented in Agent Lundt's affidavit and attachments, the magistrate judge issued a warrant to search Getzel's residence, the premises known as "efficiency apartment, Hinman Dormitory, Firts [sic] Floor South, 10 Back Bay

4

Road, Canaan, N.H." (Government Ex. 3). At approximately 6:30 p.m. on October 19, 2001, Agent Lundt and two other U.S. Customs Special Agents executed the warrant. During the search, the agents seized Getzel's computer and two computer storage diskettes. Getzel returned to the premises during the search and engaged in discussion with the agents.

## Discussion

Getzel moves to suppress all evidence resulting from the search of his residence on October 19, 2001, including two computers and computer storage diskettes, which contained the images for which he is now being prosecuted, and statements he made to agents during the course of the search. Getzel asserts that the search was unlawful, arguing that Agent Lundt failed to provide the magistrate with sufficient information to find there was probable cause to believe that images in Getzel's computer constituted "child pornography" under § 2256(8) in that they depicted "sexually explicit conduct" under § 2256(2). The government objects, and in the alternative asserts that if the information set forth in the affidavit did not support a finding of probable cause, the exclusionary rule should not apply here because the agents who conducted the search relied in good faith on the warrant.

A.    Probable Cause

The Fourth Amendment provides that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation . . . ."  The magistrate who issues a warrant must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  "'The magistrate is entitled to go beyond the averred facts and draw upon common sense in making reasonable inferences from those facts.'"  United States v. Hernandez, 183 F. Supp. 2d 468, 472 (D.P.R. 2002), quoting United States v. Falon, 959 F.2d 1143, 1147 (1st Cir. 1992) (quotation omitted).

In child pornography cases, where the existence of criminal conduct often depends solely on the nature of pictures, the judicial determination of probable cause is especially important.  See United States v. Brunette, 256 F.3d 14, 18 (1st Cir. 2001); Hernandez, 183 F. Supp. 2d at 475.  A search warrant may issue only where there is probable cause to believe that a given image falls within the statutory definition of child pornography.  See Brunette, 256 F.3d at 18; Hernandez, 183 F. Supp. 2d at 474-75.  A bare legal assertion, absent any descriptive support and

6

without an independent review of the images, is insufficient to sustain a finding of probable cause. Brunette, 256 F.3d at 17 (holding that warrant was issued without probable cause where affiant did not give detailed factual description of images and magistrate did not independently review the images).

In determining probable cause, the magistrate considers the totality of circumstances, including the level of experience of the affiant and the extent of the surrounding investigation. Brunette, 256 F.3d at 18-19 (finding that affiant investigator's lack of experience with child pornography cases operated to reduce the weight of his description of images); cf. United States v. Smith, 795 F.2d 841, 847-48 (9th Cir. 1986) (affirming reliance on affidavit of experienced postal inspector to support issuance of search warrant in child pornography case).

Agent Lundt applied for a search warrant seeking evidence of violations of §§ 2252 and 2252A, prohibiting the possession and transport of child pornography, which is defined in § 2256(8) as "sexually explicit conduct." Section 2256(2) defines "sexually explicit conduct" as:

> actual or simulated:
> (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-genital, whether between persons of the same or opposite sex;
> (B) bestiality;
> (C) masturbation;
> (D) sadistic or masochistic abuse; or
> (E) lascivious exhibition of the genitals or pubic area of

7

any person;

§ 2256(2)(A-E). Getzel asserts that neither 17.JPG nor the descriptions of six other images provided by Agent Lundt in his affidavit met the definition for sexually explicit conduct under § 2256(2), therefore the warrant was issued without probable cause.

The court begins by examining 17.JPG, the image attached to Agent Lundt's affidavit and viewed by the magistrate. Since it does not fall into the other categories of sexually explicit conduct listed in § 2256(2)(A)-(D), the court will evaluate the image to determine if it is a lascivious exhibition of the genitals or pubic area pursuant to § 2256(2)(E).

Because the identification of images as lascivious is a subjective determination, that assessment should be made by a judge, not an agent. See Brunette, 256 F.3d at 18. "A judge cannot ordinarily make this determination without either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them." Brunette, 256 F.3d at 18. The First Circuit applies a six-part test to determine if an image depicts a lascivious exhibition of genitals or pubic area, as prescribed in § 2256(2)(E). The factors in the test, known as the Dost factors, are:

(1) whether the genitals or pubic area are the focal point

8

of the image;
(2) whether the setting of the image is sexually suggestive (i.e. a location generally associated with sexual activity);
(3) whether the child is depicted in an unnatural pose, or inappropriate attire considering his/her age;
(4) whether the child is fully or partially clothed, or nude;
(5) whether the image suggests sexual coyness or willingness to engage in sexual activity; and
(6) whether the image is intended or designed to elicit a sexual response in the viewer.

United States v. Dost, 636 F. Supp. 828 (S.D.Cal. 1986) aff'd sub nom., United States v. Weigand, 812 F.2d 1239, 1244 (9th Cir. 1987), quoted in United States v. Amirault, 173 F.3d 28, 33 (1st Cir. 1999). Factor six, whether the image was intended or designed to elicit a sexual response, takes into consideration the image's design and whether any of the other factors have been met. See Amirault, 173 F.3d at 34-35. "[T]hese factors, although 'generally relevant,' are not comprehensive and each determination of whether an image contains a lascivious display is necessarily case specific." See United States v. Hilton, 257 F.3d 50, 57 (1st Cir. 2001), quoting Amirault, 173 F.3d at 31.

In 17.JPG, the image is taken from a horizontal vantage point near the subjects' feet and presents their genitalia at the forefront of the image. The boy is depicted in an unnatural pose, considering his age. The way the adult has his arm around the boy, while both lie naked with their genitalia exposed, is not a natural pose for a minor male, and the boy in the image

9

looks stiff and uncomfortable.  The overall positioning of the boy and the adult, naked, with their genitalia prominently displayed, on what appears to be a bed, engaged in an intimate embrace, suggests a sexual atmosphere.  Taking into account the Dost factors, the court concludes that the image is intended to elicit a sexual response from the viewer.  The court finds that image 17.JPG constitutes a lascivious exhibition of the genitals under § 2256(2)(E).

Agent Lundt described the remaining images, but did not attach copies of them for the magistrate's review.  Since the magistrate did not view the images, the court will determine whether they meet the statutory definition by applying the Dost factors to Agent Lundt's description of each image.  According to Agent Lundt's affidavit, SubjectPi51(1).jpg depicts a "naked prepubescent male child, kneeling in profile to the camera with an erect penis."  Given the boy's position in profile before the camera, it is probable that the child's erect penis is the focal point of the image.  Although kneeling in profile is not per se an unnatural pose, the court is hard-pressed to imagine an instance where it would be natural for a naked boy to pose in profile with an erection.  Cf. Hernandez, 183 F. Supp. 2d at 475-76 (finding that where description of image of girl putting on ballerina outfit did not address her pose, court could not

10

determine if pose was unnatural).  While there is nothing in Agent Lundt's description of the image to suggest willingness on the boy's part to engage in sexual activity, the erection is highly suggestive of sexuality.  Taking all the factors together, the image SubjectPi51(1).jpg, as described, is intended or designed to elicit a sexual response in the viewer.  Like 17.JPG, Subject 51(1).jpg constitutes a lascivious exhibition of genitals under § 2256(2)(E).

Agent Lundt's descriptions of the five other CD-Rom images were sufficiently detailed and factual for the court to assess their nature.  Cf. Brunette, 256 F.3d at 17 (holding that agent's conclusory statement that image met the statutory definition was not sufficiently detailed and factual).  Based on Lundt's descriptions, the images in Jared06.jpg, Jared07.jpg, Jared25.jpg, Jared38.jpg, and Jared39.jpg depict forms of sexual intercourse, oral sex, genital-genital contact, oral-genital contact, and also masturbation.  These are all sexually explicit conduct as defined in § 2256(2)(A) and (C).

Getzel contends that Agent Lundt's descriptions of the CD-Rom images are insufficient to constitute the statutory definitions of "sexual intercourse," because the description of the younger male in the images as a minor is Agent Lundt's conclusion, and was not determined by the court's independent

11

review of the images in question.  Agent Lundt, a Customs Service agent for over twenty-seven years, states that he has been personally involved with twelve child pornography investigations. Agent Lundt affirms that the boy depicted in 17.JPG is the same boy depicted in the CD-Rom images, and upon reviewing 17.JPG the court finds that the boy is clearly a minor.  Furthermore, Getzel argues out that Agent Lundt did not allege that the boy in the images was naked during the acts depicted in the CD-Rom images. However, § 2256(2) does not require that a minor depicted in sexually explicit conduct be naked.

Given the totality of circumstances presented in Agent Lundt's affidavit, including his previous experience with child pornography investigations, the court finds that the magistrate had a very substantial basis for finding probable cause to issue the search warrant for evidence of child pornography.

B.    Good Faith Exception

The government also argues that even if the warrant lacked probable cause, the evidence from the search would still be admissible pursuant to the "good faith" exception.  Since the court has found that the magistrate had probable cause to issue the warrant, there is no need to consider this exception.

12

<u>Conclusion</u>

Getzel's renewed motion to suppress (document no. 24) is denied.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

April 19, 2002

cc:  Bjorn Lange, Esquire
     U.S. Attorney
     U.S. Probation
     U.S. Marshal