Hillsborough-southern judicial district
No. 2003-422

## THE STATE OF NEW HAMPSHIRE

v.

## STEPHEN DOWMAN

Argued: March 11, 2004
Opinion Issued: June 25, 2004

*Peter W. Heed*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Richard G. Sheehan,* of Londonderry, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Stephen Dowman, was convicted on seven counts of possessing child pornography. *See* RSA 649-A:3 (Supp. 2003). The defendant appeals, arguing that the Superior Court *(Galway, J.)* erred in denying his motion to suppress on the grounds that the affidavit supporting the application for a search warrant lacked the detail and specificity necessary to support probable cause. We affirm.

On September 26, 2001, Detective Brook Lemoine of the Nashua Police Department applied for a warrant to search the defendant's computer equipment. Lemoine included within the affidavit supporting the warrant the following facts:

Lemoine had been a police officer since 1986, and had been assigned to the Detective Bureau Youth Services Division since March 1997, where he received training in the investigation of child sexual abuse and exploitation, and had made numerous arrests and obtained convictions. Lemoine learned of the defendant when he attended a "Northern New England Internet Crimes against Children Task Force meeting" at which he was briefed on an investigation known as "Operation Avalanche." Operation Avalanche began in April 1999, and continued for two years, during which time detectives with the Dallas, Texas Police Department, the Child Exploitation/Internet Crimes against Children Squad of the United States Postal Service, and state and local law enforcement groups, conducted an investigation centering upon a Texas company known as Landslide Productions (Landslide). As a result of this investigation, detectives gained access to Landslide's detailed billing records for customers who had used credit cards to purchase items from the site.

At the task force meeting, Lemoine was provided with a list of clients in New Hampshire of Landslide who used credit cards to purchase products that were determined to contain child pornography. The defendant's name was on that list and reflected that he purchased a video entitled, "xxxteens." Thereafter, Lemoine met with the defendant and informed him that the investigation revealed that he had purchased child pornography from Landslide. The defendant consented to allow Lemoine to inspect his home computer and external disks.

Upon inspecting the computer, Lemoine saw "numerous color thumbnail images of what appeared to be naked children." He also examined an external CD disk and one 1 Gigabyte Jaz Disk on which he saw "numerous images of children in various naked poses as well as numerous video clips." After questioning, the defendant admitted that about twenty-five percent of the image files on his computer and disks contained child pornography.

Lemoine then stated, in his affidavit: "I believe probable cause exists that evidence and instrumentalities of the crime of possessing child pornography contrary to Revised Statutes Annotated 649:A:3 sec I (e) . . . [have been found making it a felony] if anyone knowingly buys, procures, possesses, or controls any visual representation of a child engaging in sexual activity." Lemoine submitted the affidavit to the magistrate, although he did not submit any copies of the images he observed.

The defendant argues that the superior court erred in denying his motion to suppress because the affidavit supporting the search warrant did not establish probable cause, and that in doing so it violated his rights under the Federal and State Constitutions. U.S. CONST. amends. IV, XIV; N.H. CONST. pt. I, art. 19. We first address the defendant's claim under the State Constitution, and cite federal opinions for guidance only. See State v. Ball, 124 N.H. 226, 231-33 (1983).

In this case, we review the sufficiency of the affidavit de novo, as there were no controlling facts determined at the superior court level in the first instance. State v. Fish, 142 N.H. 524, 528 (1997). We pay great deference to a magistrate's determination of probable cause and interpret the evidence submitted in support of a warrant in a common sense manner, giving due consideration to the preference to be accorded warrants. See id.

■ "Although child pornography falls outside the protection of the First Amendment, the determination of whether an image depicts child pornography is a quintessential First Amendment ruling because such decisions define the limits of the largely unprotected category of child pornography." United States v. Brunette, 256 F.3d 14, 17 n.1 (1st Cir. 2001) (quotations omitted). "[A]n application for a warrant authorizing the seizure of materials presumptively protected by the First Amendment should be evaluated under the same standard of probable cause used to review warrant applications generally." New York v. P.J. Video, Inc., 475 U.S. 868, 875 (1986).

■■ Part I, Article 19 mandates that search warrants issue only upon cause or foundation supported by oath or affirmation. State v. McMinn, 144 N.H. 34, 38 (1999). This language requires an issuing magistrate to find probable cause. Id. Probable cause is established where a person of ordinary caution would justifiably believe that what is sought will be found through the search and will aid in a particular apprehension or conviction. Id. To obtain a search warrant, the police must show that at the time of the application for the warrant there is a substantial likelihood of finding the items sought; they need not establish with certainty that the search will lead to the desired result. State v. Cobb, 143 N.H. 638, 652 (1999).

The defendant argues that the affidavit submitted to the magistrate, without copies of the images described therein, was inadequate in depth and detail and should have therefore been suppressed. He relies upon *United States v. Brunette*, in which the First Circuit Court of Appeals held that a "judge cannot ordinarily make [a determination as to whether there is probable cause for a search warrant to issue] without either a look at the allegedly pornographic images, or at least an assessment based on a detailed, factual description of them." *Brunette*, 256 F.3d at 18.

In this case, we need not determine whether Lemoine's statement, in which he asserted that he believed that the images of children in various naked poses constituted a violation of RSA 649-A:3, failed to satisfy the standard laid out in *Brunette*, because we find this case to be more like *United States v. Roberts*, 274 F.3d 1007 (5th Cir. 2001), *cert. denied*, ___ U.S. ___ (U.S. April 26, 2004) (No. 03-9534).

In *Roberts*, a customs agent was informed that the defendant would be flying on a particular flight and typically carried disks containing child pornography packed in his shaving kit. *Roberts*, 274 F.3d at 1009. When Roberts disembarked from the flight, the agent approached Roberts and asked him to open his bags. *Id.* The agent discovered diskettes inside the shaving kit and asked Roberts to describe what the disks contained. *Id.* at 1009-10. Roberts admitted "there was some child pornography on the diskettes." *Id.* at 1010. The agent asked Roberts, "'What do you mean child pornography, like the teen stuff on the internet ... ?'" *Id.* Roberts replied, "'No, young kids', followed by 'six', which [the agent] understood to mean the diskettes contained images of six-year-old children." *Id.*

The Fifth Circuit Court of Appeals held that Roberts' admission that the diskettes contained child pornography constituted sufficient grounds to support a finding of probable cause to execute a search or seizure of those diskettes. The court based its ruling upon the grounds that "[a]dmissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause." *Id.* at 1016 (quotation omitted); *see also State v. Moreau*, 113 N.H. 303, 306 (1973).

█ Therefore, we conclude that this case is readily distinguishable from *Brunette* because the affidavit accompanying the warrant stated that the defendant admitted that twenty-five percent of the image files on his computer and disks contained child pornography. Even if we assume that Lemoine did not describe the observed images in detail sufficient to meet the *Brunette* standard, the defendant's admission provided sufficient "other indicia of probable cause," *Brunette*, 256 F.3d at 19, to support the magistrate's finding of probable cause. *See Roberts*, 274 F.3d at 1016-17;

*see also United States v. Smith*, 795 F.2d 841, 847-49 (9th Cir. 1986), *cert. denied*, 481 U.S. 1032 (1987).

As the Federal Constitution offers the defendant no greater protection than does our State Constitution under these circumstances, *see McMinn*, 144 N.H. at 38; *Cobb*, 143 N.H. at 652; *Brunette*, 256 F.3d at 16, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

BRODERICK, C.J., and NADEAU, J., concurred; DUGGAN, J., dissented.

DUGGAN, J., dissenting. A magistrate judge is required to make an *independent* determination of probable cause before issuing a warrant. *State v. McMinn*, 144 N.H. 34, 38 (1999). This requirement is particularly important where the First Amendment is implicated because the existence of criminal conduct depends solely on the content of the items to be searched or seized. *United States v. Brunette*, 256 F.3d 14, 18 (1st Cir. 2001). Because I believe that to make an *independent* determination of probable cause from an affidavit, a magistrate judge must either view the allegedly pornographic images or be provided a detailed description of them, I respectfully dissent.

"Books, films, and the like are *presumptively* protected by the First Amendment where their content is the basis for seizure." *State v. Perrone*, 834 P.2d 611, 617 (Wash. 1992); *see Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 63 (1989). This presumption applies with equal force when the materials sought are believed to contain child pornography. *See United States v. Hale*, 784 F.2d 1465, 1469 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986). "Although child pornography falls outside the protection of the First Amendment, the determination of whether an image depicts child pornography is a quintessential First Amendment ruling because such decisions define the limits of the largely unprotected category of child pornography." *Brunette*, 256 F.3d at 17 n.1 (quotations omitted). For this reason, "[i]n child pornography cases, where the existence of criminal conduct often depends solely on the nature of pictures, the judicial determination of probable cause is especially important." *United States v. Getzel*, 196 F. Supp. 2d 88, 91 (D.N.H. 2002).

*New York v. P. J. Video, Inc.*, 475 U.S. 868 (1986), is the Supreme Court's latest pronouncement concerning the probable cause requirement for the search and seizure of allegedly obscene materials. The Court confirmed that it had "long recognized that the seizure of films or books on the basis of their content implicates First Amendment concerns not raised by other kinds of seizures," and, for that reason, it had "required that

certain special conditions be met before such seizures may be carried out." *P. J. Video, Inc.*, 475 U.S. at 873. One such special condition was set forth in *Lee Art Theatre, Inc. v. Virginia*, 392 U.S. 636 (1968), which required that:

> [A] warrant authorizing the seizure of materials presumptively protected by the First Amendment may not issue based solely on the conclusory allegations of a police officer that the sought-after materials are obscene, but instead must be supported by affidavits setting forth specific facts in order that the issuing magistrate may focus searchingly on the question of obscenity.

*P. J. Video, Inc.*, 475 U.S. at 873-74 (quotation omitted). In recognizing that *Lee Art Theatre* did not invariably require a magistrate to personally view the allegedly obscene materials prior to issuing a warrant, *P. J. Video* noted that, given the subjective nature of the obscenity determination, "a reasonably specific affidavit describing the content of [the material] generally provides an adequate basis for the magistrate to determine whether there is probable cause to believe that the [material] is obscene, and whether a warrant authorizing the seizure of the [material] should issue." *Id.* at 874 n.5.

The Court then turned to the supporting affidavits to determine whether probable cause was adequately established given the above-stated special conditions for seizing materials presumptively protected by the First Amendment and the totality-of-circumstances test for probable cause set forth in *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The affidavits, which were attached to the Court's opinion, described in lurid detail the sexual acts depicted in the films. *See P. J. Video, Inc.*, 475 U.S. at 878-84. The Court concluded that, because "[e]ach affidavit describes the numerous acts of deviate sexual intercourse and the objectification of women occurring in each film," the affidavits described the films in enough detail "to permit the magistrate to focus searchingly on the issue of obscenity," and supported a finding of probable cause. *Id.* at 877 (quotation omitted).

Like obscenity, the determination that material constitutes child pornography is subjective. *See, e.g., United States v. Hilton*, 257 F.3d 50, 57 (1st Cir. 2001) (applying a six-factor test to determine whether images constitute lascivious exhibition of the genitals and, thus, violate the child pornography statute). The need for the magistrate to either view or have a detailed description of the alleged child pornography stems from the requirement that "probable cause to issue a warrant must be assessed by a judicial officer, not an investigating agent." *Brunette*, 256 F.3d at 18 (quotation omitted); *see Gates*, 462 U.S. at 239 ("Sufficient information

must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."); *see also McMinn*, 144 N.H. at 38. "This judicial determination is particularly important in child pornography cases, where the existence of criminal conduct often depends solely on the nature of the pictures." *Brunette*, 256 F.3d at 18.

This requirement is not because the police officer is incapable of identifying child pornography. Rather, providing pictures or a detailed description is necessary for the magistrate's independent determination of probable cause. Moreover, because identifying material as child pornography will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer, this inherent subjectivity is precisely why the determination must be made by a judge. *Id.* Thus, in order for the magistrate to determine whether a given image falls within the statutory definition of child pornography and, therefore, probable cause exists to issue a search warrant, I believe that the magistrate must either "look at the allegedly pornographic images, or at least [have]. . . a detailed, factual description of them." *Id.*

The State argues that the facts here are similar to those in *United States v. Smith*, 795 F.2d 841 (9th Cir. 1986), *cert. denied*, 481 U.S. 1032 (1987). In *Smith*, the affidavit for a warrant to search Smith's residence included the postal inspector's statement that the photos were of three juvenile girls engaged in "explicit sexual conduct." *Smith*, 795 F.2d at 848-49.

The *Smith* court was "troubled by the fact that the government did not present and the magistrate did not see the photos in question before the warrant issued," which "would have been the ideal course." *Id.* at 847. The court also noted that "more specific descriptions of the photographs would have been desirable." *Id.* at 848. Nonetheless, the court held that there was a "substantial basis" for finding probable cause, and that "the magistrate's issuance of the warrant was not clearly erroneous." *Id.* at 849.

Critical to the decision in *Smith* was that the affidavit used a statutory phrase from what is now 18 U.S.C. § 2256 (2000) to identify the nature of the materials. *Id.* at 848 (stating that the girls in the pictures engaged in "sexually explicit conduct"). The court reasoned that because the statutory definitions for child pornography are "quite specific," an affiant could observe the specific, clearly defined acts and conclude that the material contained child pornography without making a subjective evaluation of the materials. *Id.*; *see* 18 U.S.C. § 2256 (2), (8) (defining "child pornography" as visual depictions of "sexually explicit conduct," which is further defined as "(A) sexual intercourse . . . (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals"). The court

further reasoned that that conclusion was different from the conclusion that material is obscene, which is a "complicated and subjective conclusion," based on the subjective evaluation of the materials. *Smith*, 795 F.2d at 848 n.7. Accordingly, the court did not require either a view or detailed description of the images because the determination of whether material constituted child pornography, as defined, did not require subjective evaluation of the material. *Id.*

In this case, the affidavit does not even say that the images depict children engaged in "explicit sexual conduct." It only says they are "naked." Moreover, although the Ninth Circuit and other courts have held that conclusory statements in an affidavit for a search warrant that reference the child pornography statute are sufficient, *see, e.g., United States v. Chrobak*, 289 F.3d 1043, 1045 (8th Cir. 2002); *United States v. Simpson*, 152 F.3d 1241, 1246-47 (10th Cir. 1998), I agree with the First Circuit that determining whether a particular image falls within the statute involves "inherent subjectivity." *Brunette*, 256 F.3d at 18; *United States v. Syphers*, 296 F. Supp. 2d 50, 54-55 (D.N.H. 2003); *Getzel*, 196 F. Supp. 2d at 91. Given this inherent subjectivity, I cannot agree with the holding in *Smith* that reference to the statutory language is sufficiently specific for a judge to make an independent determination of probable cause.

The majority holds that the defendant's admission alone adequately establishes probable cause. *See United States v. Harris*, 403 U.S. 573, 583 (1971) (holding that "[a]dmissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause"); *United States v. Roberts*, 274 F.3d 1007, 1016 (5th Cir. 2001), *cert. denied*, ___U.S. ___ (April 26, 2004) (No. 03-9534). I disagree. Though the nature of an admission may satisfy the court that the defendant's statement is honest, it should not satisfy the court that the statement is accurate or knowledgeable.

There was no evidence that the defendant knew or understood what materials constituted child pornography. He gave no details about the photos, but merely stated that "about 25% of the image files on his computer and disks contain[ed] child pornography." Given that courts are wary of accepting conclusory language identifying images as "obscene" or "child pornography" from trained, experienced law enforcement officers as a sufficient basis for probable cause, *see, e.g., Lee Art Theater*, 392 U.S. at 637; *Brunette*, 256 F.3d at 17; *Smith*, 795 F.2d at 847, the defendant's own, untrained conclusion provides no better basis for the judge to determine whether the pictures contained child pornography. The defendant's admission is neither informed nor reliable, and does not allow the magistrate to make an independent determination of probable cause

regarding the nature of the seized materials. Even when combined with the fact that over two years earlier the defendant ordered a video from a company convicted of distributing child pornography, this does not overcome the officer's failure to provide the magistrate with either actual pictures or detailed descriptions of the pictures to make an informed probable cause determination. *See United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997), *cert. denied*, 523 U.S. 1101 (1998) ("Evidence [that] the defendant has ordered child pornography is insufficient to establish probable cause to believe the defendant possesses such pornography.")

Accordingly, I believe that the magistrate's decision should be reversed.