MICHAEL, Circuit Judge,
dissenting:
Because the officer’s affidavit presented to the state judge failed to provide a factual basis on which the judge could independently determine that there was probable cause to issue the warrant for the search of Dean Gatherum’s home, and because the judge acted as a rubber stamp for the officer’s legal conclusions, see United States v. Leon, 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), I respectfully dissent.
I.
The search warrant in this ease was issued under a West Virginia statute that prohibits the possession, “with knowledge,” of “any material visually portraying a minor engaged in sexually explicit conduct.” W. Va.Code Ann. § 61-8C-3. See also 18 U.S.C. 2252A(5)(B). “Sexually explicit conduct” is defined to include several specific sexual acts. W. Va.Code Ann. § 61-8C-1(c). As the majority notes, in order for a search warrant to be properly issued under Illinois v. Gates, “[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.” 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (emphasis added). See ante at 275. The affidavit in this case merely parrots the relevant statute, W. Va.Code Ann. § 61-8C-3, and provides no facts upon which the state judge could have conducted an independent probable cause analysis. Rather than describing, even superficially, what the photographs found on Gatherum’s computer depicted, Corporal Eldridge’s affidavit simply states that the photographs showed three males (one of whom the officer believed to be 12 to 14 years old[1]) “engaged in sexually explicit conduct.” J.A. at 581-82.
Whether or not the activities in the photographs constituted “sexually explicit conduct” was a matter for the state judge to decide without deferring to the officer’s “bare conclusion.” See Gates, 462 U.S. at 239, 103 S.Ct. 2317. “The point of the Fourth Amendment, which often is not grasped by zealous officers ... [is that] [i]ts protection consists in requiring that ... inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.” United States v. Ventresca, 380 U.S. 102, 106, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) (quoting Johnson v. United States, 333 U.S. 10, 13-14, 68 S.Ct. 367, 92 L.Ed. 436 (1948)). See also South Dakota v. *280 Opperman, 428 U.S. 364, 370 n. 5, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (“[The Supreme Court has] frequently observed that the warrant requirement assures that legal inferences and conclusions as to probable cause will be drawn by a neutral magistrate unrelated to the criminal investigative-enforcement process”). Thus, the benefit of having a neutral magistrate make the probable cause determination is forfeited if the magistrate defers to an officer’s legal conclusions in an affidavit that merely recites general statutory language. A detached and independent review is especially important in the context of determining whether images involve child pornography, a determination that by its very nature will often involve a high degree of subjectivity.
In United States v. Brunette, 256 F.3d 14 (1st Cir.2001), the First Circuit applied these principles in almost identical circumstances to those presented here. In that case a search warrant was issued based on a single affidavit, written by a law enforcement agent, which asserted that he had viewed thirty-three images traced to the defendant and that they met the statutory definition of child pornography. Id. at 16. The agent neither appended copies of these images to his affidavit nor included a description of the images’ contents. Id. The First Circuit held that the government had failed to make a showing of probable cause because “[t]he evidence on the nature of the images consisted solely of [the agent’s] legal conclusion parroting the statutory definition.” Id. at 17. This conclusion was based on that court’s recognition that the “inherent subjectivity [of identifying images that are ‘lascivious’] is precisely why the determination should be made by a judge, not an agent.” Id. at 18.
The majority cites two Ninth Circuit cases reaching the opposite conclusion on similar facts, but I believe the reasoning in Brunette is more persuasive. First, the majority points to United States v. Smith, 795 F.2d 841 (9th Cir.1986), which is distinguishable because the affidavit “[did] not stand on the evaluation of the photographs alone,” but also included statements by a pediatrician, the defendant, and the two alleged victims. Id. at 849. Furthermore, Smith reaches the unwarranted conclusion that “[t]he statement that the photographs depict sexually explicit conduct is similar to many other factual conclusions routinely accepted by courts.” Id. at 848 n. 7. This reasoning, adopted by the second case cited by the majority, United States v. Battershell, 457 F.3d 1048 (9th Cir.2006), mistakes a legal conclusion — whether the contents of a photograph amount to “sexually explicit conduct” — with the conclusion’s factual underpinnings (the contents of the photograph itself).
An officer can readily provide the factual description required to allow an independent determination by the magistrate. In most instances it would be enough for the officer to describe the “focal point and setting of the image, and [the] pose [or activity] and attire of the subject.”[2] Brunette, 256 F.3d at 20. But in this case the judge was presented with an affidavit that provides no factual' details whatsoever regarding the substance of the photographs in question. The affidavit is simply insufficient to support a finding of probable cause.
II.
For similar reasons, the Leon good faith exception does not apply in this case. As *281 a general matter, evidence need not be excluded when police officers act in objectively reasonable reliance on a search warrant issued by a neutral magistrate. United States v. Leon, 468 U.S. at 926, 104 S.Ct. 3405. Reliance is not warranted in certain circumstances, however, such as when “the magistrate acted as a rubber stamp for the officers and so ‘wholly abandoned’ his detached and neutral ‘judicial role’.” United States v. Bynum, 293 F.3d 192, 195 (4th Cir.2002) (citing Leon, 468 U.S. at 923, 104 S.Ct. 3405). Because the state judge in this case acted as a rubber stamp by failing to conduct an independent probable cause inquiry and instead simply adopted the one officer’s legal conclusion that the pictures he found portrayed “sexually explicit conduct,” the officers were not objectively justified in relying on the warrant.
The majority offers four basic reasons to support its conclusion that the state judge did not act as a rubber stamp (and that the affidavit was not “so lacking in indicia of probable cause”, ante at 276, that it could not be reasonably relied on). First, the majority points out that the affidavit “explained that Gatherum was a registered sex offender who had ‘numerous graphic picture files’ on his home computer.” Ante at 276. But this merely resurrects the basic questions before us: What specific activities did the pictures portray, and did those activities constitute “sexually explicit conduct”?
Second, the majority notes that the “affidavit outlined [Corporal] Eldridge’s extensive training in the investigation of similar crimes.” Id. This statement refers to ten pages of “Facts for Belief’ that the officer included in his affidavit. J.A. 573-582. The facts showing the officer’s training do not remove the state judge’s decision from the “rubber stamp” category. These “facts” are boilerplate, listing, for example, many “characteristics [of] people who sexually exploit children” that have no specific bearing on this case. It is telling that amidst the ten pages of “facts,” the officer included only three sentences pertaining to, with one only vaguely describing, the photographs at issue. Furthermore, regardless of the officer’s training, the state judge himself had to ultimately determine the factual content of the photographs. There was insufficient information for the judge to perform that function.
Third, the majority reasons that “[because the affidavit specifically referred to the relevant West Virginia statute, which sets out a list of actions that constitute ‘sexually explicit conduct,’ the kind of conduct that could have been depicted in the images was necessarily limited.” Ante at 276. However, this assumes that the officer would refer to the statute only if one of the listed “sexually explicit” activities was implicated. Thus, the officer’s cryptic reference to the statute only reinforces the conclusion that the judge functioned solely as a rubber stamp in making the probable cause determination. Again, the affidavit gave no factual information about the contents of the photographs, instead merely parroting the conelusory language of the statute. This rendered the judge unable to make an independent determination as to whether there was probable cause to believe the photographs violated the statute.
Fourth, the majority states that Corporal “Eldridge and Trooper Summers had viewed the images themselves and had both determined that the images [contained] sexually explicit behavior.” Ante at 276. But it was for the judge, not the officers, to make this determination. The problem is that the judge in this case could only substitute the officers’ conclusions for his own. As a result, the judge committed precisely the error warned of in Gates, 462 *282 U.S. at 239, 103 S.Ct. 2317, and became merely a rubber stamp for the officers’ determination.
III.
Today’s decision allows law enforcement officers to submit legal conclusions, rather than factual observations, to a magistrate and allows the magistrate to issue a warrant without conducting an independent probable cause determination. We should make clear that the affidavit in this case was insufficient to support probable cause and thereby put law enforcement officers and magistrates on notice for the future. In all events, because the affidavit was inadequate, and because the state judge served as a rubber stamp for the officer’s conclusions, evidence seized pursuant to the invalid search warrant should have been suppressed. I would therefore vacate Gatherum’s conviction.

. I agree with the majority’s conclusion that it was reasonable for the judge to accept the officer's estimate of the younger male's age. See ante at 275.

. The best course of action, and the one most certain to ensure a valid probable cause finding, would be to include copies of the photographs themselves with the affidavit. I agree with the majority, however, that this is not a requirement. See ante at 274-75.