**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50294 |
| Plaintiff-Appellee | D.C. No.<br>2:15-CR-15-00706-BRO-1 |
| v. | |
| JON KAISER, AKA sasha12<br>Defendant-Appellant | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted May 17, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

Jon Kaiser—under the username SASHA12—used an online message board

to comment on posts with links to child pornography. Based on these posts, law

enforcement obtained a warrant to search the computer at the residential address

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1

associated with his username. The FBI agent's affidavit in support of the warrant asserted that there was probable cause to believe that Kaiser downloaded child pornography because (1) in his experience, collectors of child pornography (a label he gave Kaiser) tend to save the images in private, secure places like their computers, and (2) Kaiser's comments referenced multiple images, presumably the linked images.

Pursuant to the warrant, law enforcement discovered several hundred images of child pornography on Kaiser's computer. Kaiser unsuccessfully moved to suppress the images on the grounds that the agent's affidavit did not establish probable cause and contained reckless omissions that would have undermined a finding of probable cause had they been included. Kaiser was convicted of possessing child pornography after a stipulated-testimony trial. Kaiser appealed, challenging both the finding of probable cause and the imposition of a 51-month sentence of incarceration.

1. The agent's affidavit established probable cause sufficient to support a search warrant.

> The task of the issuing magistrate is simply to make a *practical, common-sense decision* whether, given all the circumstances set forth in the affidavit before him, . . . there is a *fair probability* that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a '*substantial basis* for . . . conclud[ing]' that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983) (emphasis added) (quotation omitted). While we review the district judge's denial of a motion to suppress de novo, we give "great deference" to the issuing judge's finding of probable cause and review it for clear error. *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (quotation omitted).

The combination of the agent's extensive experience on child pornography investigations, his detailed descriptions of the images focused on minors' exposed genitals, and reasonable inferences from Kaiser's comments about multiple images gave rise to a "fair probability" that Kaiser visited the external links on the forum's posts and downloaded images qualifying as child pornography onto his computer. For example, the agent's affidavit informed the magistrate that one of SASHA12's comments read, "Awesome set of beautiful Madison. Thx very much." Like Kaiser's other comments restated in the affidavit, "set" indicates multiple images. Considering that there was only one preview image in the post, the agent reasonably concluded that "SASHA12 followed the links to download the additional images of the girl." Finding that Kaiser's comments supported the inference that he copied the linked web addresses, entered any required passwords to download encrypted files, viewed the images at the web address, and proceeded to download the images onto his computer was not an "untenable chain of inferences," as Kaiser claims.

3

2. Moreover, the district judge reasonably credited the agent's testimony that any omissions in his affidavit in support of the search warrant—*e.g.*, the failure to mention the poster's signature image in the first post and to provide copies of the images themselves—were "honest oversight[s]," and did not clearly err in finding that the omissions were not intentional or reckless. *Cf. United States v. Perkins*, 850 F.3d 1109, 1116–18 (9th Cir. 2017) (holding that the agent's omissions constituted a "clear, intentional pattern" of deception).

3. The district judge also correctly concluded that the omissions were not material, *i.e.*, necessary to the determination of probable cause. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Including the relevant images with the affidavit in support of a search warrant would have further insulated the search warrant from attack and indeed would have been the better practice. Nevertheless, the agent's detailed descriptions of the images here were not "bare legal assertion[s], absent any descriptive support." *United States v. Brunette*, 256 F.3d 14, 17 (1st Cir. 2001). For example, the agent described one image where the girl photographed was "lying on her back naked, her legs spread, showing a clear view of her vagina[] and . . . a fluid substance on her bare chest." *See* 18 U.S.C. § 2256(2)(A)(v) (defining "sexually explicit conduct" as the "lascivious exhibition of the anus, genitals or pubic area"). Thus, the agent's failure to include the screenshots of the posts and the accompanying images does not undermine a

4

finding of probable cause and is therefore not material under *Franks*.

4. Finally, the district judge did not plainly err when he imposed a sentence at the low end of the Sentencing Guidelines. The sentencing transcript makes clear that the district judge did not treat the guidelines range as presumptively reasonable but instead took into account all parties' recommended sentences, made an individualized assessment of the mitigating factors, and gave proper consideration to the 18 U.S.C. § 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc).

**AFFIRMED.**