UNITED STATES of America,
Appellant–cross–Appellee,

v.

Thomas JASORKA, Defendant–
Appellee–cross–Appellant.

Docket No. 97–1549.

United States Court of Appeals,
Second Circuit.

Argued June 16, 1998.

Decided Aug. 17, 1998.

Barbara D. Underwood, Chief Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney for the Eastern District of New York, Brooklyn, NY, Emily Berger and Dolan Garrett, Assis-tant United States Attorneys, of counsel) for Appellant–Cross–Appellee.

Paul B. Bergman, New York City, for De-fendant–Appellee–Cross–Appellant.

Before: MINER, McLAUGHLIN, and LEVAL, Circuit Judges.

PER CURIAM:

The government appeals from an order of the United States District Court for the Eastern District of New York (Sifton, Chief Judge) suppressing evidence seized during a search of Thomas Jasorka's apartment pursuant to a search warrant. The warrant was based on a probable violation of 18 U.S.C. § 2252(a)(4)(B), which makes criminal the possession of materials depicting minors engaged in sexually explicit conduct, including "lascivious exhibition of the genitals." The district court found the procedure leading to the issuance of the warrant defective on the ground that the issuing magistrate judge did not view the photographs herself but relied on a customs agent's affidavit that parcels mailed to Jasorka from abroad contained photographs depicting "lascivious" display of the genitals. The court further found that the search could not be validated by the "good faith" exception to the Fourth Amendment exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We do not reach the first question whether the magistrate judge was obligated to make her own assessment of the lascivious nature of the photographs, because we hold that the searching officers were entitled under *Leon* to rely in good faith on the magistrate judge's order.

## BACKGROUND

On May 14, 1996, an inspector of the United States Customs Service intercepted a parcel mailed from the Netherlands, addressed to defendant Thomas Jasorka in Queens County, New York. The parcel contained photographs of male children exhibiting their genitals. Another parcel with like contents was intercepted three days later. After examining the photos, two customs agents and two Assistant United States Attorneys whom they had consulted concluded that the photo-

graphs depicted "minor[s] engaging in sexually explicit conduct" within the meaning of 18 U.S.C. § 2252(a)(2)(A).[1] Section 2252 makes it a crime to receive through the mails materials that depict minors "engaging in sexually explicit conduct," which is defined to include "lascivious exhibition of the genitals or pubic area of any person." *See* 18 U.S.C. § 2256(2)(E). The government thereupon sought warrants to authorize Jasorka's arrest and the search of his apartment following a controlled delivery of the pornographic parcels to him.

The application was supported by the affidavit of Customs Agent Peter Quaglia stating that the parcels contained "pornographic photographs of male children displaying a lewd and lascivious exhibition of the genitals and pubic areas." United States Magistrate Judge Roanne L. Mann issued the warrants. After a controlled delivery of the parcels to the defendant, customs agents arrested him, searched his apartment, and seized fifty-two boxes. Based on materials found in the boxes, Jasorka was charged with violating § 2252.

Jasorka moved to suppress the items seized during the search. The motion was based in part on the theory that the magistrate judge had failed to make her own determination that the photographs involved "lascivious" conduct but had relied impermissibly on the customs agent's cursory conclusion that the materials violated the legal standard. The Assistant United States Attorney who handled the warrant application asserted that he had brought the photographs to the proceeding before the magistrate judge. However, neither the AUSA nor the magistrate judge (who submitted an affidavit at the request of Chief Judge Sifton) was able to recall whether she had actually viewed them. Chief Judge Sifton found that the photographs were not exhibited to the magistrate judge, and that she was not given a sufficiently detailed description of them to

permit a finding that they involved "lascivious" conduct. He concluded that the magistrate judge therefore lacked sufficient basis to conclude that the intercepted materials violated § 2252. The district court further found that the warrant application was so lacking in indicia of probable cause that the customs officers could not have reasonably relied in good faith on the issuance of the warrant to justify the search under *Leon.* The court accordingly granted the motion to suppress the materials seized in the search.

With this Court's leave, the government took interlocutory appeal from the order of suppression, and the defendant cross-appealed from the district court's failure to suppress on the basis of additional arguments offered by the defendant in support of the motion.

## DISCUSSION

The district court concluded that in issuing a warrant premised on violation of the "lascivious exhibition of genitals" provision of the act relating to sexual exploitation of children, 18 U.S.C. § 2252 a judicial officer's assessment whether there was a sufficient showing of violation must be made in the same manner as required in assessing whether material is obscene. In *Marcus v. Search Warrants*, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961), the Supreme Court considered the proper proceeding for the issuance of warrants for the seizure of allegedly obscene material. Because of the danger that constitutionally protected materials may be suppressed and because of the subtlety of the inquiry required to distinguish obscenity from protected matters, the Court ruled that "warrants issued on the strength of the conclusory assertions of a single police officer, without any scrutiny by the judge of [the] materials considered ... to be obscene" did not comply with the requirements of the First Amendment. *Id.* at 731–32, 81 S.Ct.

---

1. "Sexually explicit conduct" is defined in Section 2256(2) of Title 18 as:
actual or simulated—
(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) bestiality;
(C) masturbation;
(D) sadistic or masochistic abuse; or
(E) lascivious exhibition of the genitals or pubic area of any person.

1708; *see also Lee Art Theatre, Inc. v. Virginia,* 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968)(per curiam). The Court clarified in *New York v. P.J. Video, Inc.,* 475 U.S. 868, 106 S.Ct. 1610, 89 L.Ed.2d 871 (1986), that while the issuing magistrate is not required to "personally view allegedly obscene [materials] prior to issuing a warrant [for] their seizure," *id.* at 874 n. 5, 106 S.Ct. 1610, there must be an application "supported by affidavits setting forth specific facts in order that the issuing magistrate may focus searchingly on the question of obscenity." *Id.* at 873–74, 106 S.Ct. 1610 (internal quotation marks and citation omitted).

The district court believed that these same requirements apply to a warrant for seizure of material whose violation of § 2252 is premised on "lascivious exhibition of the genitals." The district court took the view that the magistrate judge's reliance on the conclusory assertion of the attesting officer that the materials involved "lascivious exhibition of the genitals," without the magistrate judge viewing the photographs herself, could not pass constitutional muster.

The district court recognized that in *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the Supreme Court had drawn significant distinctions between obscenity and material criminalized because it involves the sexual exploitation of children. Because of the state's interest in protecting children from sexual exploitation, child pornography may be banned regardless whether it fails the test for obscenity. Thus, the issues specified in *Miller v. California,* 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), for determining whether material is obscene, including whether it appeals to the prurient interest and whether it is patently offensive to the standards of the community, need not be considered in determining whether the material violates a law regulating child pornography. *See Ferber,* 458 U.S. at 764, 102 S.Ct. 3348.

On the basis of this distinction, the Ninth Circuit in *United States v. Smith,* 795 F.2d 841, 848–49 (9th Cir.1986), upheld a search where the warrant was issued on the basis of relatively conclusory allegations that the photos depicted "sexually explicit conduct" without the issuing magistrate viewing the photos to make an independent determination.

The district court believed that while these distinctions might govern where the alleged violation of § 2252 was based on the several categories of sexually explicit conduct listed in 18 U.S.C. § 2256(2)(A)-(D), including sexual intercourse, sodomy, bestiality, masturbation, and sadistic or masochistic abuse, they would not where the violation involved § 2256(2)(E)'s specification of "lascivious exhibition of the genitals." The district court reasoned that, while categories of conduct listed in § 2256(2)(A)-(D) are clearly defined and easily recognized, the conduct in question, limited by the adjective "lascivious," calls into play imprecise value judgments raising issues comparable to those that arise when testing for obscenity under *Miller. See United States v. Villard,* 885 F.2d 117, 121–22 (3rd Cir.1989). The district court therefore believed that the magistrate judge's reliance on the agent's assertion that the photos showed "lascivious exhibition of the genitals" was impermissible.

We need not determine whether the district court was correct in concluding that the magistrate judge lacked sufficient basis to conclude the intercepted materials violated § 2252. The Supreme Court held in *Leon* that the exclusionary rule barring illegally obtained evidence from the courtroom does not apply to evidence seized in "objectively reasonable reliance on" a warrant issued by a detached and neutral magistrate, even where the warrant is subsequently deemed invalid. 468 U.S. at 922, 104 S.Ct. 3405. The Court reasoned that, "even assuming that the [exclusionary] rule effectively deters some police misconduct and provides incentives for the law enforcement profession as a whole to conduct itself in accord with the Fourth Amendment, it cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity." *Id.* at 918–19, 104 S.Ct. 3405. There is no indication in this record that the customs agent deliberately or recklessly misled the magistrate judge in his warrant application, or that the magistrate judge abdicated her duty. *See id.,* 468 U.S. at 923, 104 S.Ct. 3405. We find no basis for concluding that the customs

agent acted otherwise than reasonably and in good faith in relying on the authority of the warrants issued by the magistrate judge. There was no Fourth Amendment violation.

Although the Court in *Leon* acknowledged that "a warrant may be so facially deficient ... that the executing officers cannot reasonably presume it to be valid," that was not true in this instance. *Id.* As reviewed above, the law is unclear whether a judicial officer acting on a warrant application for a violation of § 2252, based on lascivious exhibition of the genitals, may rely on an agent's assertion that he has reviewed the material and has found the photographs include such conduct. We conclude that the agents' reliance on the judicial determination made by the magistrate judge in authorizing the search was reasonable. We therefore conclude, relying on the authority of *Leon*, that the search conducted under the authority of the warrant issued by the magistrate judge was reasonable.

## CONCLUSION

The order suppressing the intercepted materials is reversed. We remand for consideration of Jasorka's additional contentions in his motion to suppress.