The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>March 23, 2022</u>

**No. A-1-CA-38830**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**JAMES B. HENZ,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**HANISEE, Chief Judge.**

{1}    The State appeals the district court's grant of Defendant James Henz's motion to suppress child pornography found in the search of his home, arguing that the district court erred in finding that the issued search warrant was not supported by probable cause. In this opinion, we examine for the first time the requisite level of description and verification necessary in an affidavit supporting the application for a search warrant for child pornography when the factual basis for the warrant are the reports of third-party electronic communication service providers (providers). We reverse.

**BACKGROUND**

{2}    On August 5, 2019, Defendant was charged with one count of possession of a visual medium of sexual exploitation of children under eighteen years of age (possession of child pornography), contrary to NMSA 1978, Section 30-6A-3(A) (2016) (child pornography statute). The charge arose following two independent reports, one from Tumblr and one from Google, Inc., to the National Center for Missing and Exploited Children (NCMEC) that a user had posted child pornography onto both respective internet platforms.

{3}     In the affidavit supporting Bernalillo County Sheriff's Department Detective Kyle Hartsock's request for a search warrant, Detective Hartsock included the following information about the reports sent to NCMEC by Tumblr and Google:

> On February 22 and 24, 2014[,] an internet [provider] called Tumblr sent two tips to NCMEC, who then sent [the information] to the [New Mexico Attorney General's (NMAG's) Office] on March 11, 2014, concerning a registered user of Tumblr who was involved in incidents of child pornography.
>
> Tumblr states that the user with moniker "allsoyummmy" utilize[d] the internet protocol [(IP)] address of 70.210.201.40 at the time of the incident. On [February 20, 2014,] that user posted approximately [six] images that contained explicit images of children in sexual acts or positions. The user also added the text "I trade pictures" and provided his email address and [messaging app] user name. The NMAG's office conducted a preliminary investigation into the user name and the email address that was posted[,] and identified a video of the user[,] as well as the name of James Hen[z] or James Medina with a date of birth [later identified to be that of Defendant's], as well as a Twitter profile indicating the user was in Albuquerque, New Mexico.
>
> Affiant received a second tip that came back to the same user. [The provider] Google . . . report[ed] that on July 7, 2014[,] the user killajamo505 uploaded child pornography images to [Google's] cloud service from IP address 107.4.45.176. Affiant went before a grand jury and asked for a subpoena to Comcast for IP address 107.4.45.176 on the date and time of the Google incident, asking for the subscriber information. Affiant did receive the information back from Comcast, which indicated that it is registered to Jeanette Medina. Comcast indicated that on the date in question the address was 6325 Sumac Dr SW, [in Albuquerque, New Mexico] but was disconnected on [August 4, 2014], and reconnected at 5715 Timberline Ave NW[, also in Albuquerque, New Mexico].

{4} Based on Detective Hartsock's affidavit, a search warrant for Defendant's residence was issued by a metropolitan court judge (the issuing court) in Bernalillo County, New Mexico. During the execution of the search warrant, law enforcement recovered multiple electronic devices containing forty images depicting child pornography. As well, Defendant told Detective Hartsock that he possessed child pornography, operated the usernames reported by Tumblr and Google, and "had a problem" with viewing child pornography.

{5} Defendant filed a motion to suppress evidence recovered during the search, arguing that the affidavit was insufficient to establish probable cause because it failed to contain either adequate descriptions of the images that purportedly constituted child pornography, or independent verification that such images violated New Mexico's child pornography statute. Following a hearing, the district court granted Defendant's motion to suppress. In its order, the district court characterized the tips from Tumblr and Google as "conclusory assertion[s]" that certain images contained child pornography, stating that such assertions "fail[ed] to provide the necessary descriptive detail to allow the issuing court to judge independently whether the images constituted 'child pornography' that would be prohibited under New Mexico law." The district court further found that the question of "[w]hether images described as 'child pornography' are prohibited under New Mexico law may include [an] analysis of several factors including camera angles, the acts depicted,

3

the setting of the image, etc." The district court stated that "[r]elying on a conclusion, whether from law enforcement or a third party, that an image constitutes 'child pornography' provides no information to the issuing court to evaluate the more subjective elements under New Mexico law[,]" and "[g]iven the subjectivity involved in determining whether materials constitute 'child pornography,' such that there is probable cause to believe the law is being or has been violated," an issuing court must "be provided with sufficient detailed information," which could "include the images themselves, sufficient factual details of the images, or other factual information from which the issuing court can evaluate the nature of the images or materials." Finding that the affidavit supporting the application for a search warrant did not explain the basis for Tumblr and Google to believe the images in question constituted child pornography as prohibited by New Mexico law, the district court found there to be an insufficient basis upon which to find probable cause and granted Defendant's motion to suppress. The State appeals.

**DISCUSSION**

{6}     The State argues on appeal that the district court erred in reversing the issuing court's probable cause determination and granting Defendant's motion to suppress because the search warrant was supported by probable cause. More specifically, the State contends that Tumblr and Google are credible sources, the information contained in their tips was reliable, and Detective Hartsock's affidavit provided a

4

substantial basis for the issuing court to have concluded that a search of Defendant's home would uncover evidence of child pornography. In response, Defendant argues that the affidavit failed to establish probable cause because it did not include any description of the relevant images from which an issuing court could conclude that a violation of the child pornography statute occurred or any indication that either law enforcement or the issuing court viewed the images to confirm they contained illegal content. Defendant also raises an additional argument that the children's court has exclusive jurisdiction of the case because Defendant was seventeen years old when law enforcement received the first tip from Tumblr. We address each issue in turn.

## I. The Search Warrant Was Supported by Probable Cause

{7}    In reviewing the district court's grant of Defendant's motion to suppress, "the reviewing court must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. "[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. Thus, "if the factual basis for the warrant is sufficiently detailed in the search warrant affidavit and the issuing court has found probable cause, the reviewing courts should not invalidate the warrant by

interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *Id.* (alteration, internal quotation marks, and citation omitted).

**{8}** "The constitutional validity of a search warrant, under the Fourth Amendment as well as Article II, Section 10 of the New Mexico Constitution, depends on whether the affidavit for a search warrant demonstrates that there is probable cause to believe that a crime is occurring or that seizable evidence of a crime exists at a particular location." *State v. Price*, 2020-NMSC-014, ¶ 14, 470 P.3d 265. A search warrant may be issued when "sufficient facts are presented in a sworn affidavit to enable the [issuing court] to make an informed, deliberate, and independent determination that probable cause exists." *State v. Gonzales*, 2003-NMCA-008, ¶ 11, 133 N.M. 158, 61 P.3d 867, *abrogated on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. The issuing court "must have sufficient facts upon which to conclude that there is a reasonable probability that evidence of a crime will be found in the place to be searched." *Id.* ¶ 12. In making this determination, the issuing court must consider solely the information within the four corners of the affidavit submitted in support of a search warrant. *See Williamson*, 2009-NMSC-039, ¶ 31. "The degree of proof necessary to establish probable cause for the issuance of a search warrant is more than a suspicion or possibility but less than a certainty of proof." *State v. Vest*, 2011-NMCA-037, ¶ 7, 149 N.M. 548, 252 P.3d 772 (internal quotation marks and citation omitted). In reviewing an application for a search

6

warrant, an issuing court may consider "[a]ll direct and circumstantial evidence alleged, as well as all reasonable inferences to be drawn from those allegations." *State v. Sabeerin*, 2014-NMCA-110, ¶ 13, 336 P.3d 990 (internal quotation marks and citation omitted). "Probable cause determinations . . . are not subject to bright line rules but rather are to be based on the assessment of various probabilities in a given factual context." *State v. Gurule*, 2013-NMSC-025, ¶ 14, 303 P.3d 838. "[T]he existence of probable cause is reviewed within the realm of probabilities rather than in the realm of certainty." *State v. Sanchez*, 2015-NMCA-084, ¶ 14, 355 P.3d 795 (internal quotation marks and citation omitted). This Court resolves "doubtful or marginal cases of probable cause . . . by giving preference to the warrant." *Gurule*, 2013-NMSC-025, ¶ 16.

{9}    Where, as here, "a showing of probable cause depends in whole or in part on hearsay information, the affidavit must show," in addition to providing a sufficient substantive basis to allow the reviewing court to make an informed, deliberate, and independent determination that criminal activity has or is occurring, "a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *State v. Haidle*, 2012-NMSC-033, ¶ 17, 285 P.3d 668 (internal quotation marks and citation omitted); *see also* Rule 5-211(E) NMRA (stating that probable cause "shall be based on substantial evidence, which may be hearsay in whole or in part, provided there is a substantial

basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished"). Under this test, we examine the informant's credibility, as well as the basis of the informant's knowledge to determine whether the method by which the information was gathered is reliable. *See Haidle*, 2012-NMSC-033, ¶¶ 19, 23. "First-hand observations by the informant" are a sufficiently reliable method of gathering the information. *State v. Barker*, 1992-NMCA-117, ¶ 5, 114 N.M. 589, 844 P.2d 839.

{10} There are, therefore, two main inquiries we undertake in our analysis of whether the search warrant in this case was supported by probable cause: (1) whether the affidavit provides a substantial basis for believing that Tumblr and Google are credible hearsay sources who gathered the information supporting their reports of illegal activity in a reliable manner; and (2) whether Detective Hartsock's affidavit provided a reasonable basis for the issuing court to conclude that a search of Defendant's home would uncover evidence of wrongdoing.

## A. Tumblr and Google Functioned as Credible Hearsay Sources Who Gathered the Information Supporting Their Reports in a Reliable Fashion

{11} The State contends that both Tumblr and Google are inherently credible sources because federal law requires that they report actual knowledge of violations of federal child pornography laws. The State further asserts that the Tumblr and Google reports to NCMEC in this case, which arose from direct observation of

materials posted by Defendant on their platforms, were premised upon information gathered in a reliable fashion. Defendant answers that the federally mandated reporting obligations imposed upon providers like Tumblr and Google create an economic incentive for overly-inclusive reporting of images to NCMEC. Defendant further contends that because the federal reporting obligations require Tumblr and Google to report violations of federal—not New Mexico—child pornography laws, the providers' characterization of the reported images should not be relied upon to establish probable cause.

{12}    As providers, Tumblr and Google's reports to NCMEC were compelled by 18 U.S.C. § 2258A(a)(1)(A), which requires that "[i]n order to reduce the proliferation of online child sexual exploitation and to prevent the online sexual exploitation of children," providers shall report apparent violations of federal child pornography laws to NCMEC "as soon as reasonably possible after obtaining actual knowledge" that such a violation occurred. *See also* 18 U.S.C. § 2258E(6) (defining "provider" as "an electronic communication service provider or remote computing service"). Under § 2258A(c)(1),(2), once NCMEC receives a provider's report of an apparent violation of federal child pornography laws, NCMEC "shall make available" such reports to any federal, state, or local law enforcement agency "involved in the investigation of child sexual exploitation."

{13}     Although New Mexico courts have not previously examined either the credibility of providers or the reliability of the methods by which providers acquire reported information under relevant federal obligations, other jurisdictions have held that providers like Tumblr and Google are presumed to be reliable sources akin to identified citizen informants. For example, in *State v. Sisson*, the provider America Online (AOL) discovered and identified child pornography images and subsequently sent the images, along with the screenname of the individual who sent them, to law enforcement. 883 A.2d 868, 879-80 (Del. Super. Ct. 2005). The *Sisson* court explained that in sending the relevant images to law enforcement, AOL essentially functioned as "a citizen witness to a crime and, as such, [AOL was] presumed to be reliable." *Id.* at 880. "Accordingly, the [c]ourt [determined] that, under the circumstances, AOL was a reliable informant and no independent corroboration of the information provided by AOL was required." *Id.* The *Sisson* court went on to state:

> When information is supplied to law enforcement through a tip, the reliability of the so-called "tipster" determines how much corroboration, if any, is necessary to meet the probable cause standard for a search warrant to issue. . . . When the source of the tip is a named citizen informant, however, no corroboration is necessary to establish the reliability of the information. The information is presumed to be reliable because citizens have no reason to fabricate criminal activity; they are presumed to have no interest in the matter.

*Id.* at 879-80 (footnote omitted).

{14} This view of citizen informants is consistent with New Mexico law, as we have held that "a citizen[]informant[, even if anonymous,] is regarded as more reliable than a police informant or a crime-stoppers informant" when the citizen informant was an eyewitness to the reported illegal activity. *State v. Contreras*, 2003-NMCA-129, ¶¶ 10-12, 134 N.M. 503, 79 P.3d 1111. While Detective Hartsock's affidavit does not identify the individual Google and Tumblr employees who discovered and identified the images posted by Defendant, such omission does not undercut the logical inference that at least one individual employee viewed the images firsthand in order for the subsequent report to NCMEC to have been made. *See State v. Silverstein*, 2017 WI App 64, ¶ 19, 378 Wis. 2d 42, 902 N.W.2d 550 (explaining that even if the identity of the individual working for a provider who reported to NCMEC is unknown, Tumblr is more analogous to a citizen informant than an anonymous informant because Tumblr is "a named, traceable entity that is reporting a crime in furtherance of public safety[;] Tumblr gains nothing from making the tip[; and] Tumblr is under federal mandate to report suspected child abuse to NCMEC," an obligation which "itself heightens the reliability of the tip").

{15} Similarly, in *State v. Woldridge*, the Florida Court of Appeals determined that "AOL was in substantially the same position as a citizen informant, whose reliability can be presumed for purposes of the [issuing court]'s probable cause determination" where AOL discovered images of child pornography attached to an AOL

11

subscriber's email, and AOL then forwarded the images "along with the subscriber's screen name to law enforcement through NCMEC." 958 So. 2d 455, 459-60 (Fla. Dist. Ct. App. 2007). Importantly, the *Woldridge* court emphasized the significance of the federal reporting mandate which compelled AOL's tip to NCMEC, stating that "the reliability of the tip from AOL can be presumed because federal law compelled AOL's report to NCMEC[,]" and clarified that while a corporation or provider will not always be found to function similarly to a citizen informant, "AOL's compliance with a federal law mandating that it report [the defendant]'s activities to NCMEC provides a presumption of reliability akin to that afforded a citizen informant." *Id.* at 458-59. Likewise, in *Adams v. State*, the Court of Criminal Appeals of Alabama held that "the tip from the [provider] was presumed reliable based on the mandatory federal reporting requirements[,]" and clarified that in forwarding relevant information to NCMEC, the provider acted "in a manner analogous to that of a citizen informant." 316 So. 3d 260, 265-66 (Ala. Crim. App. 2020) (internal quotation marks and citation omitted); *see also Manzione v. State*, 719 S.E.2d 533, 537 (Ga. Ct. App. 2011) (stating that when a provider "makes a report of criminal activity pursuant to its statutory reporting obligation [under federal law], it is the equivalent of one made from a law-abiding concerned citizen, and therefore is afforded a preferred status insofar as testing the credibility of the

information" without independent verification (alteration, internal quotation marks, and citation omitted)).

{16} We agree with the above jurisdictions that have determined providers like Tumblr and Google to be credible sources who, by first-hand knowledge, gather their reported information regarding the transmission or receipt of child pornography in a reliable fashion, and adopt those jurisdictions' reasoning here. Defendant fails to present argument to the contrary, merely asserting that the federal reporting requirements create an economic incentive for providers, thus resulting in over-inclusive reporting.[1] Indeed, there is no indication that Tumblr and Google function differently than the providers in the above cited cases. That is, Tumblr and Google— under federal reporting requirements—convey information to NCMEC regarding the providers' respective knowledge of an identified user's transmission of images that presented apparent violations of federal child pornography laws. Under our two-part framework for assessing the credibility and reliability of an affidavit's hearsay

---

[1]While Defendant identifies the financial penalties imposed for a provider's failure to comply with federal reporting requirements, he provides no evidence or authority to support the assertion that such penalties result in over-reporting by providers. Nor does Defendant provide any known circumstance of a false report driven by financial incentive. We therefore consider this argument to be speculative, as well as undeveloped, and decline to consider it further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

13

source, the affidavit presented (1) a substantial basis for believing Tumblr and Google; and (2) a substantial basis for concluding Tumblr and Google gathered the information of illegal activity in a reliable fashion, given the federal requirements compelling their respective reporting to NCMEC. Upon our own review of this issue, relying on the ample support from relevant persuasive authority and observing there to be a lack of supportive authority for Defendant's contention that Google and Tumblr were not credible reporting providers, we conclude that, as hearsay sources providing information to be used in an affidavit, Tumblr and Google functioned similarly to an identified citizen informant and are thus credible hearsay sources who gathered the information of illegal activity ultimately reported to NCMEC in a reliable fashion.

**B.** **The Affidavit Provided Reasonable Grounds for the Issuing Court to Conclude That a Search of Defendant's Home Would Uncover Evidence of Wrongdoing**

{17} The State argues that the district court erred in reversing the probable cause determination of the issuing court and granting Defendant's motion to suppress because Detective Hartsock's affidavit, and the reasonable inferences that could be drawn therefrom, provided reasonable grounds for the issuing court to conclude that a search of Defendant's home would uncover evidence of child pornography as proscribed by the New Mexico child pornography statute. Defendant answers that the affidavit failed to include either sufficient description of the posted images or

verification that Detective Hartsock independently viewed the images in order to conclude that they violated our child pornography statute and that such flaws in the affidavit rendered it insufficient to support a determination of probable cause. Similarly, Defendant asserts that the issuing court should have independently viewed the images in making its probable cause determination. Defendant argues as well that because federal reporting requirements required Tumblr and Google to report violations of federal, not New Mexico, child pornography laws, the information reported to NCMEC is insufficient to establish probable cause under New Mexico law. We note that New Mexico courts have yet to squarely address the questions presented here, that is: in the context of reporting electronic transmission of child pornography, how much detail must be included in an affidavit—or, alternatively, how much independent verification of the averred information must occur—when the affidavit is premised upon information furnished by providers reporting under federal requirements. We therefore seek guidance from the many jurisdictions that have precedent on this issue.

**{18}** We first address whether Detective Hartsock's affidavit contained sufficient descriptions of the posted images, noting that, in general, "courts differ on the level of specificity required to describe the images to the issuing [court]." *People v. Rabes*, 258 P.3d 937, 940 (Colo. App. 2010); s*ee also United States v. Pavulak*, 700 F.3d 651, 661 (3d Cir. 2012) (holding that in order to allow an issuing court to

15

independently evaluate whether images meet the legal definition of child pornography, "(1) the [issuing court] can personally view the images; (2) the search warrant affidavit can provide a sufficiently detailed description of the images; or (3) the search warrant application can provide some other facts that tie the images' contents to child pornography" (internal quotation marks and citation omitted)); *United States v. Lowe*, 516 F.3d 580, 586 (7th Cir. 2008) ("As a general matter, an issuing court does not need to look at the images described in an affidavit in order to determine whether there is probable cause to believe that they constitute child pornography. A detailed verbal description [of the images] is sufficient."); *United States v. Chrobak*, 289 F.3d 1043, 1045 (8th Cir. 2002) (providing that an affidavit's statement that images depicted "sexually explicit conduct involving children under the age of [sixteen]" provided substantial basis for concluding that a search would uncover evidence of wrongdoing because this language "is almost identical to the language of 18 U.S.C. § 2252"); *United States v. Smith*, 795 F.2d 841, 848 (9th Cir. 1986) (same). *But see State v. Nuss*, 781 N.W.2d 60, 67-68 (Neb. 2010) (providing that an affidavit's statements that files and images constituted "child pornography" and that the search would yield depictions of children "in a sexually explicit manner" were insufficient because it "does not use or even refer to the statutory definitions of sexually explicit conduct in describing the images" (internal quotation marks omitted)).

{19}    As Defendant correctly argues, some courts have held that affidavits containing bare allegations that certain images constituted child pornography—without any additional detail about the images or why they violated relevant statutes—were inadequate to support probable cause determinations. *See United States v. Brunette*, 256 F.3d 14, 16, 17-19 (1st Cir. 2001) (holding that the affiant law enforcement agent's statement that an image depicted "a prepubescent boy lasciviously displaying his genitals" was insufficient to establish probable cause that the images were lascivious because the affidavit failed to "specify with any detail the basis for believing that th[e] images were pornographic" (internal quotation marks and citation omitted)); *see also Pavulak*, 700 F.3d at 661 (explaining that "[t]he label 'child pornography,' without more, does not present any facts from which the [issuing court] could discern a fair probability that what is depicted in the images meets the statutory definition of child pornography" (internal quotation marks omitted)). In *United States v. Miknevich*, the Third Circuit Court of Appeals criticized an affidavit that used language that was substantially the same as the affidavit at issue here because it provided no factual details regarding the substance of the images in question. 638 F.3d 178, 183 (3rd Cir. 2011) (evaluating an affidavit that described a movie as depicting "children, under the age of eighteen years old engaged in sexual acts and/or poses" (internal quotation marks omitted)). While the court held that this kind of "insufficiently detailed or conclusory description" of the

17

images is not enough, it ultimately upheld the search warrant because it contained other information that the court deemed sufficient to permit a finding of probable cause by an issuing court—a highly descriptive file name and the file's SHA1 value. *Id.* at 183-84.

{20}  In other instances, courts have been willing to accept descriptions akin to the language in the affidavit here. For example, in *United States v. Battershell*, the Ninth Circuit Court of Appeals considered an application for a warrant that described two images on the defendant's computer: one photo described as depicting "a young female (8-10 YOA) naked in a bathtub" and a second photo described as depicting a "young female having sexual intercourse with an adult male." 457 F.3d 1048, 1049 (9th Cir. 2006). The Ninth Circuit, tasked with determining whether the application for a warrant made a sufficient showing that the image depicted "sexually explicit conduct," began by noting that "[f]ederal law defines five categories of sexually explicit conduct with respect to child pornography." *Id.* at 1051 (footnote, internal quotation marks, and citation omitted). "The first four categories deal with specific conduct that is easy to identify and describe: (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; and (iv) sadistic or masochistic abuse." *Id.* (alteration, internal quotation marks, and citation omitted); *see* 18 U.S.C. § 2256(2)(A) (same)); *see also United States v. Jasorka*, 153 F.3d 58, 60 (2d Cir.

18

1998) (per curiam) (noting that the conduct involved in the first four categories is "clearly defined and easily recognized"). The fifth category is the "lascivious exhibition of the genitals or pubic area of any person." *Jasorka*, 153 F.3d at 59. The *Battershell* court noted that this category "turns on the meaning of 'lascivious,' [and] is far more subjective and open to interpretation than the first four." 457 F.3d at 1051; *see also Brunette*, 256 F.3d at 18 ("[T]he identification of images that are lascivious will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer." (internal quotation marks and citation omitted)).

{21}    The government conceded that the description of the first photo (i.e., "a young female (8-10 YOA) naked in a bathtub"), fell into the fifth category and that the officer's "terse description, absent an accompanying photograph, is insufficient to establish probable cause that the photograph lasciviously exhibited the genitals or pubic area because his conclusory statement is an inherently subjective analysis and it is unclear if the photograph exhibited the young female's genitals or pubic area." *Battershell*, 457 F.3d at 1051. As for the second photo, the court concluded that it fell within the first category described above and held that the affidavit describing a "young female having sexual intercourse with an adult male" was sufficient. *Id.* The court explained that an application need not contain elaborate descriptions of images allegedly depicting sexually explicit conduct—specifically sexual intercourse—with

19

respect to child pornography "because any rational adult person can recognize sexually explicit conduct engaged in by children under the age of [sixteen] when he [or she] sees it." *Id.* at 1053 (alteration, internal quotation marks, and citation omitted). Instead, "the affiant need only be able to identify the specific, clearly defined acts listed in the statute, such as sexual intercourse or bestiality, and such conclusory statements are permissible to establish probable cause." *Id.* (alteration, internal quotation marks, and citation omitted); *see also Chrobak*, 289 F.3d at 1045 (stating unambiguously that "[t]here are very few pictures of actual children engaged in sexual acts that are not child pornography").

{22}     Further, in *United States v. Simpson*, the Tenth Circuit upheld a probable cause determination premised upon an affidavit describing an FBI agent's online interaction with the defendant in which the agent "made a deal with the defendant to send [the agent] a computer diskette and thirty dollars through the mail in exchange for a video tape containing scenes of child pornography" in conversations which took place in conspicuously named chat rooms designated as "# sexpicshare # % % kidssexpics." 152 F.3d 1241, 1246 (10th Cir. 1998) (internal quotation marks and citation omitted). The Tenth Circuit stated that "while minimal, the information presented to the judge was sufficient for him to conclude that there was a fair probability that evidence of child pornography would be found." 152 F.3d at 1247.

20

**{23}** We agree with and adopt the approaches articulated by the Eighth, Ninth and Tenth Circuits regarding the level of detail required in an affidavit describing alleged images of child pornography. Indeed, that which constitutes child pornography varies precious little under New Mexico and federal law—and in American society, generally, as demonstrated by its universal illegality. Our child pornography statute contains nearly the same five categories of "prohibited sexual act[s]" as the federal statute at issue in *Battershell* and for the same reasons, we agree that the first four of these acts are easily recognized such that conclusory descriptions are sufficient. *See* 457 F.3d at 1051; *see also* NMSA 1978, § 30-6A-2(A) (2001) (defining "prohibited sexual act" as "(1) sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; (2) bestiality; (3) masturbation; (4) sadomasochistic abuse for the purpose of sexual stimulation; or (5) lewd and sexually explicit exhibition with a focus on the genitals or pubic area of any person for the purpose of sexual stimulation"). The approaches adopted in these jurisdictions conform to our jurisprudence regarding probable cause, which is, we reiterate (1) premised upon considerations of reasonable inferences drawn from both direct and circumstantial evidence, *see Sabeerin*, 2014-NMCA-110, ¶ 13; (2) "reviewed within the realm of probabilities rather than in the realm of certainty[,]" *Sanchez*, 2015-NMCA-084, ¶ 14 (internal quotation marks and citation omitted); and (3) examined under the totality of the circumstances. *Price*,

21

2020-NMSC-014, ¶ 14. None of these principles require a rigid approach to evaluating the information presented in an affidavit. Rather, they call for a common sense review of the information contained in the affidavit. *State v. Donaldson*, 1983-NMCA-064, ¶ 13, 100 N.M. 111, 666 P.2d 1258 ("In determining probable cause, the court must interpret the affidavit in a common sense and realistic fashion and must not require technical requirements of elaborate specificity."); *see also United States v. Biglow*, 562 F.3d 1272, 1280 (10th Cir. 2009) ("[P]robable cause is a matter of probabilities and common sense conclusions, not certainties." (internal quotation marks and citation omitted)).

{24}    Here, the Tumblr information as reported in the affidavit stated that an identified user "posted approximately [six] images that contained explicit images of children in sexual acts or positions." As in *Battershell*, where the image description of a "young female having sexual intercourse with an adult male" was sufficiently detailed to be identifiable as depicting "sexually explicit conduct" and "sexual intercourse[,]" 457 F.3d at 1051 (internal quotation marks and citation omitted), we conclude that the description of "sexual acts" is sufficiently detailed to be identifiable as depicting child pornography under either the New Mexico or federal definition thereof. Indeed, it is highly unlikely that an image described as depicting "[e]xplicit images of children in sexual acts" would fail to meet the requirements of

22

our child pornography statute.[2] We, therefore, consider the description of the image in the Tumblr report to be sufficiently specific as to allow an issuing court to determine that there is a substantial basis to conclude that a search of Defendant's home would uncover evidence of wrongdoing. *See Williamson*, 2009-NMSC-039, ¶ 29; *see also Gurule*, 2013-NMSC-025, ¶ 16 (stating that appellate courts will resolve "doubtful or marginal cases of probable cause . . . by giving preference to the warrant"). We note that while the Google information as reported in the affidavit refers only to a user who uploaded "child pornography images" to Google's cloud service, taken together with the Tumblr report—which stated that the identified user "posted approximately [six] images that contained explicit images of children in sexual acts or positions"—we do not consider the Google report's dearth of descriptive information to be fatal to a finding of probable cause based on the affidavit as a whole. *See Miknevich*, 638 F.3d at 184 (explaining that while "[i]t remains the better practice for an applicant seeking a warrant based on images of alleged child pornography to . . . provide a description of the images sufficient to enable the [issuing court] to determine independently whether probable cause

---

[2]We emphasize that the "sexual acts" description is crucial in this case, given that "sexual positions" may not be considered sufficiently detailed in relation to our child pornography statute. *See Battershell*, 459 F.3d at 1051 (stating that a terse description of an image was insufficient to establish probable cause under the subjective fifth category prohibiting "lascivious exhibition of the genitals or pubic area" (internal quotation marks omitted)).

exists[,]" the lack of such description does not preclude a determination that probable cause exists if the application provides other facts and information that ties the images' contents to child pornography). Rather, the Google report and less detailed information contained therein served here to secondarily corroborate the more specific information provided by Tumblr, as would a second identified citizen informant providing substantially similar information of criminal activity as a first such informant.[3]

{25}    We next address Defendant's contention that the issuing court or affiant law enforcement must view the relevant images directly.[4] In *United States v. Lowe*, the defendant made a similar argument, asserting that the descriptions of relevant images were subjective opinions by the reporting individual, which failed to meet the statutory definition of child pornography, and therefore the issuing court must have viewed the images, itself, in order to accurately determine whether probable cause existed. 516 F.3d 580, 586 (7th Cir. 2008). The *Lowe* court held that "[a]s a general

---

[3] We note that because the affidavit in this case contains two different providers' reports of alleged child pornography possession—the more detailed and descriptive Tumblr information and the less-descriptive Google information which benefits from the specificity of the Tumblr information—we do not address the issue of whether reporting an image identified by a provider merely as "child pornography," without further detail, and without other grounds supporting its identification as child pornography, would be adequate to support a probable cause determination.

[4] The record indicates that Tumblr sent the images as part of its report and the images were reviewed by the NMAG's Office, and presumably could have been provided with the warrant application.

24

matter, an issuing court does not need to look at the images described in an affidavit in order to determine whether there is probable cause to believe that they constitute child pornography" when a sufficiently detailed description exists within the affidavit. *Id.*

{26} The Ninth Circuit Court of Appeals has also held that while it is preferable that an affidavit include attachments of the actual images in question, the omission thereof is not fatal to the affidavit's ability to support a finding of probable cause. *See Battershell*, 457 F.3d at 1053 ("It would have been preferable if the affiant in this case had included copies of the photographs in the warrant application. But failing to include a photograph in a warrant application is not fatal to establishing probable cause. Indeed, a judge may properly issue a warrant based on factual descriptions of an image." (citations omitted)); *see also Smith*, 795 F.2d at 847 ("We are troubled by the fact that the government did not present and the [issuing court] did not see the photos in question before the warrant issued. Obviously, presentation of the photos with the affidavit would have been the ideal course, and the record contains no hint of why this was not done. Nevertheless, we do not find this omission fatal to the warrant in light of the affidavit taken as a whole."). This view is consistent with *New York v. P.J. Video, Inc.*, where the United States Supreme Court stated that it has "never held that a[n issuing court] must personally view allegedly

obscene films prior to issuing a warrant authorizing their seizure." 475 U.S. 868, 874 n.5 (1986).

**{27}** We agree with the Third, Seventh, and Ninth Circuits of the United States Court of Appeals that while it is a best practice to do so where possible, the issuing court need not independently view images alleged to depict child pornography in order to establish probable cause. A determination of probable cause is not based on *certainty*, but rather on *reasonable probability*. *See Sanchez*, 2015-NMCA-084, ¶ 14 ("[T]he existence of probable cause is reviewed within the realm of probabilities rather than in the realm of certainty." (internal quotation marks and citation omitted)); s*ee also Donaldson*, 1983-NMCA-064, ¶ 13 (explaining that a determination of probable cause "must not require technical requirements of elaborate specificity" to be contained within the affidavit). Indeed, "[w]e have never said that [law enforcement] must establish every link in the inferential chain that leads to probable cause. Rather, all that is required is that [law enforcement] make a showing that permits more than a suspicion or possibility but less than a certainty of proof." *Price*, 2020-NMSC-014, ¶ 18 (internal quotation marks and citation omitted).

**{28}** This principle—that a probable cause determination need not rely on certainty of any alleged wrongdoing—informs our analysis, as well, of Defendant's argument that the reported information was insufficient to establish probable cause because

26

Tumblr and Google report violations of federal, and not New Mexico laws. Because probable cause is not based on certainty, *see id.*, the fact that Tumblr and Google report violations of federal, rather than New Mexico law, does not, in our view, compromise the appropriateness of the issuing court's determination that probable cause existed given that we do not require an affidavit to prove specific elements of a crime. Moreover, as to the merits of Defendant's argument in this regard, we agree with the State that the relevant definitions within federal and New Mexico child pornography laws are sufficiently similar such that a report of a violation of the applicable federal child pornography law would provide reasonable probability that the reported materials also violate our child pornography statute. Given the significant degree of substantive overlap between federal and New Mexico law on the subject—indeed, it is hard to even theoretically conjure an image that might violate one statute but not the other—it seems markedly improbable that a report of a violation of federal child pornography laws would not also, necessarily, implicate a violation of New Mexico child pornography laws. While useful to compare the parameters of the federal and state laws, it remains a bedrock principle that we do not require that an affidavit *proves* a violation in order to establish probable cause. Rather, we merely require that an affidavit "provide[s] a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Williamson*, 2009-NMSC-039, ¶ 29.

27

{29}    Here, Detective Hartsock's affidavit presented the following: reports made by credible providers—reporting to NCMEC under federal requirements—that an individual posted images constituting child pornography on the providers' platforms; the identified usernames of the individual who posted the images; the associated email, birthdate, and physical address of the identified user; and the IP addresses from which the individual posted the images. We conclude that Detective Hartsock's affidavit, premised upon information furnished by the providers reporting under federal requirements, included sufficiently specific descriptions of the Tumblr images that would allow the issuing court to determine that a search of Defendant's home would uncover evidence of child pornography as proscribed by our child pornography statute, provided a substantial basis to support a finding of probable cause. Because an issuing court's "determination of probable cause must be upheld if the affidavit provides a substantial basis to support a finding of probable cause[,]" *id.*, we hold that issuance of the search warrant in this case was properly supported by probable cause and the district court erred in granting Defendant's motion to suppress.

## II.    The District Court Has Jurisdiction Over the Case

{30}    Defendant raises the additional argument that the children's court has exclusive jurisdiction over this case, asserting that possession of child pornography is a continuing offense that, in this case, began when Defendant was a minor;

28

therefore, jurisdiction rests only in children's court. Jurisdictional issues present "questions of law which are subject to de novo review." *State v. Chavarria*, 2009-NMSC-020, ¶ 11, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted).

{31}    Defendant was seventeen years old when Tumblr and Google reported information to NCMEC. By August 20, 2014—when the search warrant was executed at Defendant's home and Defendant was charged by criminal information with possession of child pornography—Defendant was eighteen years old. Defendant was, therefore, undisputedly over the age of eighteen when he was found to be in possession of illegal images and charged accordingly. The criminal information set forth that "[o]n or about the 20th day of August, 2014, [Defendant] did knowingly and intentionally possess any visual or print medium depicting a prohibited sexual act or simulation thereof and [D]efendant knew or had reason to know that one or more of the participants was a child under the age of [eighteen] years, a fourth degree felony, contrary to Section 30-6A-3(A)." The State did not charge Defendant with committing any crime prior to his eighteenth birthday.

{32}    Defendant states that the children's court "has exclusive original jurisdiction of all proceedings under the Children's Code in which a person is eighteen years of age or older and was a child at the time the alleged act in question was committed."

29

NMSA 1978, § 32A-1-8(A) (2009).[5] But here Defendant was not charged with committing an act of possession of child pornography while he was a minor. Rather, he was charged with committing an act of possession of child pornography on August 20, 2014—the day his home was searched after he turned eighteen.[6] Based on the charge in this case, the State was tasked with proving that Defendant possessed child pornography then and no earlier. We are unpersuaded by Defendant's jurisdictional argument and hold that jurisdiction of this case properly rests in the district court.

**CONCLUSION**

---

[5] Defendant additionally cites NMSA 1978, Section 32A-2-6(A) (1993), which provides that "[i]f it appears to a tribunal in a criminal matter that the defendant was under the age of eighteen years at the time the offense charged was alleged to have been committed and the offense charged is a delinquent act pursuant to the provisions of the Delinquency Act, the tribunal shall promptly transfer jurisdiction of the matter and the defendant to the [children's] court." Defendant further asserts that possession of child pornography is a delinquent act, citing NMSA 1978, Section 32A-2-3(A)(1)(k) (2009, amended 2019), which defines a "delinquent act" as "an act committed by a child that would be designated as a crime under the law if committed by an adult," including "an offense punishable as a felony." However, Section 32A-2-3(A)(1) defines offenses, pursuant only to municipal traffic codes or the Motor Vehicle Code. We, therefore, do not consider Defendant's reliance on these statutes to be relevant or persuasive.

[6] Defendant's briefing asserts that after receiving the Tumblr report, Detective Hartsock "decided to wait" to pursue charges after "realizing [Defendant] was a child." There is no indication in the record to support this assertion. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

{33}     Having held that the search warrant was supported by probable cause, and that the district court erred in granting Defendant's motion to suppress, we reverse and remand for proceedings consistent with this opinion.

{34}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**


_____

**MEGAN P. DUFFY, Judge**


_____

**JANE B. YOHALEM, Judge**